UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTY RESOURCES, INC.; DISABLED IN ACTION OF PENNSYLVANIA, INC; PHILADELPHIA ADAPT; TONY BROOKS; LIAM DOUGHERTY; FRAN FULTON; and LOUIS OLIVO;<br><br>      Plaintiffs,<br>-against-<br><br>THE CITY OF PHILADELPHIA,<br><br>      Defendant. | Case No. 2:19-cv-03846-HB<br><br>**STIPULATION AND PROPOSED PROTECTIVE ORDER** |

  **WHEREAS** litigation of this action involves the potential production of information regarding private individuals' disability status; draft versions of regulations, policy statements, management directives, or ordinances, which may be neither accurate nor reflective of official versions; and pre-decisional deliberations relating to budget recommendations or internal contracting considerations that could cause prejudice to Defendant in future related contract negotiations ("Sensitive Non-public Information" or "Confidential Information"); and

  **WHEREAS** the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and that such confidentiality issues that may arise shall be addressed under the standards in *Dombrowski v. Bell Atl. Corp.*, 128 F. Supp. 2d 216, 217-218 (E.D. Pa. 2000) (Bartle, J.), quoting *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).

  **IT IS HEREBY STIPULATED AND ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection

1

with the pre-trial phase of this action; use of designated information and documents at trial will be governed by a separate agreement or order:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect Sensitive Non-public Information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." Where a document includes both Confidential Information and non-confidential information, the producing party shall provide the unredacted document to the receiving party, along with a copy of the same showing redactions of portions being designated confidential.

2. With respect to deposition transcripts and exhibits, counsel for any party may indicate on the record that a question calls for confidential documents or information and shall also have the right to designate the necessary portions of the transcript as "CONFIDENTIAL." For deposition transcripts containing confidential information or documents, the section of the transcript containing such material, together with any exhibits referred to therein, shall be bound in a separate volume and marked "Designated Confidential Material Governed by Protective Order" by the reporter. The deposition transcript containing information or documents, parts of which are not confidential, shall be bound as usual, with only Confidential Information redacted.

3. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

4. In the event a party challenges another party's designation of confidentiality, the challenging party shall inform the designating party of the objection in writing stating

the grounds of the objection. Within seven (7) business days of receiving written notice of the challenge, the designating party shall inform the challenging party of the grounds that the designating party believes justify the confidentiality designation. Counsel shall make a good faith effort to resolve any dispute, and in the absence of a resolution within fifteen (15) days after written notice, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only," in which case any dispute shall be resolved by the Court. All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;
    b. Employees of such counsel assigned to and necessary to assist in the litigation;
    c. Consultants, experts, or investigators assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;
    d. A witness attending or testifying at any deposition or court proceeding in this action, provided that such witness has first reviewed this Protective Order and either verbally acknowledged consent to abide by this Protective Order on the record in the proceeding or provided consent in writing (unless such witness falls into one or more of the categories set forth in the subparagraphs above);

    e. Any outside photocopying, document storage, data processing, or graphic production services employed by any of the Parties;

    f. The Court (including a mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. Prior to disclosing or displaying the Confidential Information to any person in subsections 5(c)-(e) above, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information.  If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Protective Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential, whether or not it is designated as "CONFIDENTIAL." However, nothing contained herein shall limit the ability of a party, or non-party, to

4

redact PII. The propriety of such redaction shall be subject to the process described above for a party to challenge a designation of confidentiality.

9. Pursuant to Federal Rule of Evidence 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.  Any party that inadvertently discloses privileged documents or information may notify the receiving party and demand that it be returned or destroyed (the "Clawback Demand").  A Clawback Demand must identify with particularity (i.e. provide the Bates numbers or sufficient information to identify the record) the privileged documents or information to be returned or destroyed, as well as the basis for the claim of privilege or protection. Upon receiving a Clawback Demand, the receiving party shall immediately cease further review, use and/or dissemination of the identified documents or information and within ten (10) business days after receipt of the Clawback Demand return the identified documents or information to the Producing Party including any copies it has, and notify any third-party sent such identified documents or information to return it to the producing party or destroy it, and to provide written assurance thereof to the receiving party.

10. All documents and information designated as "CONFIDENTIAL" filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Designated Material, shall be redacted or filed under seal. Notwithstanding the designation of documents and information as "CONFIDENTIAL", there is no presumption that such documents or information

shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed or otherwise dealt with as the producing party may agree, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. The Court retains the right to allow disclosure of any document or subject covered by this Protective Order or to modify this Protective Order at any time in the interest of justice.

**SO STIPULATED AND AGREED.**

Respectfully submitted,

DATED:  June 1, 2020.

*s/ Michelle Caiola*
Michelle Caiola*
mcaiola@dralegal.org
Andrea Kozak-Oxnard*
akozakoxnard@dralegal.org
Rebecca J Sobie*
rsobie@dralegal.org
DISABILITY RIGHTS ADVOCATES
655 Third Avenue, 14th Floor
New York, NY 10017-5621
Tel: (212) 644-8644
Fax: (212) 644-8636

Meredith J. Weaver*
mweaver@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Fourth Floor
Berkeley, CA 94704-1204
Tel: (510) 665-8644
Fax: (510) 665-8511

David Ferleger
david@ferleger.com
DAVID FERLEGER LAW OFFICE
413 Johnson St.
Jenkintown, PA 19046
Tel: (215) 887-0123

*Attorneys for Plaintiffs*

*Admitted *Pro Hac Vice*

DATED:  June 1, 2020.

*s/ Kymberly K. Evanson*
Kymberly K. Evanson*
Paul J. Lawrence*
Pacifica Law Group
1191 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 245-1700
Kymberly.Evanson@pacificalawgroup.com

*s/ Diana P. Cortes*
Diana P. Cortes
Chair, Litigation Group
Eleanor Ewing
Chief Deputy City Solicitor
Benjamin Field
Divisional Deputy City Solicitor
Sean McGrath
Assistant City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
(215) 683-5038
Diana.Cortes@phila.gov

*Attorneys for Defendant City of Philadelphia*

*Admitted *Pro Hac Vice*

**IT IS SO ORDERED.**

DATED: June 4, 2020

/s/ Harvey Bartle III
_____
Honorable Harvey Bartle III
Senior United States District Judge

7

# **EXHIBIT A**

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTY RESOURCES, INC.; DISABLED IN ACTION OF PENNSYLVANIA, INC; PHILADELPHIA ADAPT; TONY BROOKS; LIAM DOUGHERTY; FRAN FULTON; and LOUIS OLIVO;<br><br>                       Plaintiffs,<br>-against-<br><br>THE CITY OF PHILADELPHIA,<br><br>                       Defendant. | Case No. 2:19-cv-03846-HB |

## **ACKNOWLEDGEMENT**

I, _____, declare that:

1. I have received a copy of the Stipulation and Protective Order ("**Protective Order**") in this Action.

2. I have carefully read and understand the provisions of this Protective Order and I agree to abide by its terms.

3. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use for purposes other than for this Action any information designated "Confidential" that I receive in this Action, except to the extent that such information designated "Confidential" is or becomes public domain information or otherwise is not deemed "Confidential" in accordance with the Protective Order.

4. I agree that at the conclusion of the litigation, I will return all confidential information to the party or attorney from whom I received it.

5. I agree to subject myself personally to the jurisdiction of this Court for the purpose of proceedings relating to my performance under, compliance with, or violation of the Protective Order.

6. I understand that disclosure of information designated "Confidential" in violation of the Confidentiality Agreement may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

_____                    _____
            Date                                                                Signature