IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIBERTY RESOURCES, INC., et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE CITY OF PHILADELPHIA, et al. | : | |
| | : | NO. 19-3846 |

MEMORANDUM

Bartle, J.                                              July  7, 2020

        Plaintiffs Tony Brooks ("Brooks"), Liam Dougherty

("Dougherty"), Louis Olivo ("Olivo"), Fran Fulton ("Fulton"),

Liberty Resources, Inc. ("Liberty Resources"), Disabled in

Action of Pennsylvania, Inc. ("DIA-PA"), and Philadelphia ADAPT

("Philly ADAPT") have commenced this putative class action

against defendant the City of Philadelphia for violation of

Title II of the Americans with Disabilities Act ("ADA"), 42

U.S.C. §§ 12131 et seq., and Section 504 of the Rehabilitation

Act ("Section 504"), 29 U.S.C. §§ 794 et seq.

        Before the court is the motion of plaintiffs for class

certification under Rule 23 of the Federal Rules of Civil

Procedure.

I

        All of the named plaintiff individuals live in

Philadelphia and have a disability which affects their mobility.

Plaintiffs Brooks, Dougherty, and Olivio use a wheelchair for

mobility because of a disability.  Fulton is blind and uses a

white cane to navigate throughout the City.  All of these named
plaintiffs have encountered difficulty due to missing, uneven,
overly steep, or deteriorating curb ramps.  They have also
suffered inconvenience and even injury as a result of these
obstacles.  For example, Brooks has flipped over in his
wheelchair due to uneven curb ramps, causing head and other
bodily injuries.  Missing curb cuts have forced Olivo to roll
out of his way to travel from one sidewalk block to another.
Plaintiffs Liberty Resources, DIA-PA, and Philly ADAPT are
nonprofit organizations that serve and/or advocate on behalf of
individuals with disabilities that affect mobility in
Philadelphia.

In support of their motion, plaintiffs have also
submitted declarations from putative class members Orlando
Acosta, Kenneth Brown, Caitlin Chasar, Latoya Maddox, and Germán
Parodi.  Each of these individuals has a disability affecting
mobility and has suffered injury due to curb cuts that are
missing altogether, or are too steep, cross-sloped, lack
truncated domes, or pool with water.

According to plaintiffs, the City has failed to
install accessible curb ramps when resurfacing streets.  In
1993, this Court issued a class-wide injunction in a related
action ordering that the City "shall install curb ramps or
slopes on every City street, at any intersection having curbs or

other barriers to access, where bids for resurfacing were let after January 26, 1992." Kinney v. Yerusalim, 812 F. Supp. 547, 553 (E.D. Pa. 1993). The court supplemented its February 2, 1993 Order shortly thereafter, ordering that, "as [the City] resurfaces streets in the future, [it] shall install said curb ramps or slopes at the time the street is resurfaced." Kinney v. Yerusalim, No. 92-4101 (E.D. Pa. May 23, 1994) (Doc. # 27). Despite this order, plaintiffs allege that in 2014 the City discontinued ramp upgrades during repaving and transitioned to a fully request-based system called the "Curb Ramp Partnership Program." At that time, the City estimated that nearly 72,000 curb ramps needed to be upgraded at a cost of $7,500 per ramp but planned to dedicate only $3.2 million for ramp upgrades each year. Thus, it would take the City almost 170 years to upgrade the local network of curb ramps to ADA compliance under this program.

Plaintiffs seek to certify the following class:

a class of all persons with disabilities or impairments that affect their mobility— including, for example, people who use wheelchairs or other mobility devices, as well as those who are blind or have low vision— and who use or will use pedestrian rights of way in the City of Philadelphia.

Plaintiffs seek declaratory and injunctive relief on behalf of the class. Specifically, plaintiffs seek a declaratory judgment that the City has violated the ADA and the Rehabilitation Act.

-3-

They also seek an injunction requiring that all future new construction and alterations to sidewalks and streets by the City ensure that the pedestrian rights of way are fully compliant with federal accessibility standards, including ADA-compliant curb ramps, and that the City maintain its pedestrian facilities pursuant to federal regulations.[1]  They do not seek monetary damages.  They also seek appointment of the David Ferleger Law Office and Disability Rights Advocates as class counsel.  The City does not oppose the motion for class certification.

II

Class certification may only be granted if the four requirements of Rule 23(a) of the Federal Rules of Civil Procedure are satisfied:

> (a) Prerequisites.  One or more members of a class may sue . . . as representative parties on behalf of all members only if:
>
> > (1) the class is so numerous that joinder of all members is impracticable;
> >
> > (2) there are questions of law or fact common to the class;

---

1.  Plaintiffs also sought injunctive relief requiring the City to undertake a Self-Evaluation and to create a Transition Plan pursuant to 28 C.F.R. § 35.105(a) and 28 C.F.R. § 35.150(d) and to generally ensure that all pedestrian rights of way in the City are readily accessible and free from barriers.  We granted the motion of the City to dismiss the complaint to the extent plaintiffs sought such relief.

> (3) the claims or defenses of the
> representative parties are typical of the
> claims or defenses of the class; and
>
> (4) the representative parties will
> fairly and adequately protect the
> interests of the class.

The elements of this four-part test are commonly referred to as "numerosity," "commonality," "typicality," and "adequacy of representation." See Amchem Prod., Inc. v. Windsor, 521 U.S. 591, 613 (1997).

"The party seeking certification bears the burden of establishing each element of Rule 23 by a preponderance of the evidence." In re Modafinil Antitrust Litig., 837 F.3d 238, 248 (3d Cir. 2016) (quoting Marcus v. BMW of N. Am., LLC, 687 F.3d 583, 591 (3d Cir. 2012)). To determine if the requirements of Rule 23 have been satisfied, a district court must conduct a "rigorous analysis." Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 93 (3d Cir. 2011) (quoting In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 309 (3d Cir. 2008)). While the City does not challenge plaintiffs' motion, this court has a duty to "make an independent inquiry" as to whether the prerequisites of Rule 23 are satisfied. In re Cmty. Bank of N. Va., 622 F.3d 275, 284 (3d Cir. 2010).

We begin with numerosity. There is no minimum number required to meet the numerosity requirement. In re Modafinil, 837 F.3d at 249-50; Kerrigan v. Phila. Bd. of Election, 248 F.R.D. 470,

-5-

473-74 (E.D. Pa. 2008).  As stated above, the text of Rule 23 states that the numerosity requirement is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).  "'Impracticable does not mean impossible,' and refers rather to the difficulties of achieving joinder."  In re Modafinil, 837 F.3d at 249 (quoting Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993)).  Here, plaintiffs have cited data from the United States Census Bureau indicating that more than 143,000 non-institutionalized Philadelphia residents have an ambulatory disability and more than 49,000 non-institutionalized Philadelphia residents have a vision disability.  These putative class members are sufficiently numerous to render joinder impracticable and to satisfy the requirements of Rule 23(a)(1).

We turn next to the commonality requirement.  This requirement "does not require identical claims or facts among class member[s]."  Marcus, 687 F.3d at 597.  "For purposes of Rule 23(a)(2), even a single common question will do."  Id. (quoting Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 359 (2011)). Plaintiffs' claims give rise to numerous questions of law and fact that will be common to the class as a whole, including whether the City's policies and practices have resulted in its failure to provide compliant, accessible curb ramps whenever the City resurfaces or alters streets.  We therefore find that the commonality requirement is satisfied.

          To succeed on their motion, plaintiffs must also meet
the typicality requirement of Rule 23(a)(3), that is, they must
show that "the claims of the class representatives must be typical
of the class as a whole." Johnston v. HBO Film Mgmt., Inc., 265
F.3d 178, 184 (3d Cir. 2001) (citing In re Prudential Ins. Co. Am.
Sales Practice Litig., 148 F.3d 283, 310 (3d Cir. 1998)).
Typicality entails an inquiry into whether "the named plaintiff's
individual circumstances are markedly different or . . . the legal
theory upon which the claims are based differs from that upon which
the claims of other class members will perforce be based." Id.
(internal citation and alteration omitted).  Putative class members
need not have identical claims.  Id.  Thus, factual differences
will not render a claim atypical if plaintiffs' claims arise from
the same practice or course of conduct by defendant and are based
on the same legal theory.  Baby Neal v. Casey, 43 F.3d 48, 58 (3d
Cir. 1994).  Actions requesting declaratory and injunctive relief
to remedy conduct directed at the class "clearly fit this mold."
Id.

          Plaintiffs' claims here arise from the same policies and
practices of the City and are based on the same legal theory.
Named plaintiffs all have disabilities that affect their mobility
or represent such individuals.  They have been denied access to the
City's pedestrian routes as a result of the City's failure to
install compliant curb cuts when resurfacing streets, and the named

                              -7-

plaintiffs seek declaratory and injunctive relief on behalf of the whole class.  Under these circumstances we find that the typicality requirement is satisfied.

Finally, plaintiffs must show that class representatives must "fairly and adequately protect the interests of the class" to meet the requirements of Rule 23.  Fed. R. Civ. P. 23(a)(4).  To assess adequacy of representation, the court must determine: (1) whether the named plaintiffs' interests conflict with those of the class; and (2) whether the plaintiffs' attorneys are capable of representing the class.  Johnston, 265 F.3d at 185.  In support of their motion, the named plaintiffs have submitted declarations stating that they are longtime residents of Philadelphia who are deeply committed to improving access for themselves and others with disabilities in the City.  There is no conflict between the interests of the named plaintiffs and those of the other class members because they all seek the same declaratory and injunctive relief.  Thus, the requirements of Rule 23(a)(4) are satisfied.  We will appoint plaintiffs Liberty Resources, DIA-PA, Philly ADAPT, Tony Brooks, Liam Dougherty, Fran Fulton, and Louis Olivo as class representatives pursuant to Rule 23(a)(4).

In addition to the requisites of Rule 23(a), plaintiffs must also satisfy the requirements of Rule 23(b).  Under Rule 23(b)(2), plaintiffs may proceed with a class action seeking injunctive and/or declaratory relief if "the party opposing the

-8-

class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." The rule "was designed specifically for civil rights cases seeking broad declaratory or injunctive relief for a numerous and often unascertainable or amorphous class of persons."  Baby Neal, 43 F.3d at 59 (internal citations and quotation marks omitted).  It is usually satisfied in actions primarily seeking injunctive relief. Id. at 58.

Plaintiffs seek a declaratory judgment that the City has violated the ADA and the Rehabilitation Act.  They also seek an order enjoining the City from violating these statutes and requiring it to maintain already-accessible pedestrian rights of way and to install ADA-compliant curb cuts when altering or constructing streets.  As noted above, they do not seek any monetary damages.  We find that plaintiffs have satisfied the requirements of Rule 23(b)(2).

In summary, we conclude that the requirements of Rule 23(a) and (b)(2) have been met and that class certification is appropriate.  Accordingly, the motion of plaintiffs for class certification will be granted.

III

Rule 23(g) also provides that "[u]nless a statute provides otherwise, a court that certifies a class must appoint

-9-

class counsel."  The court must consider:  (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law;" and (4) "the resources that counsel will commit to representing the class."  Fed. R. Civ. P. 23(g)(1)(A).  Plaintiffs are represented by counsel with significant experience in class action and disability-rights litigation and knowledge of those areas of the law.  Counsel have done extensive work investigating the claims in this action and represent that they have sufficient resources to litigate this action.

Accordingly, we will appoint the David Ferleger Law Office and Disability Rights Advocates as class counsel.