# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

LIBERTY RESOURCES, INC.; DISABLED
IN ACTION OF PENNSYLVANIA, INC;
PHILADELPHIA ADAPT; TONY BROOKS;
LIAM DOUGHERTY; FRAN FULTON; and
LOUIS OLIVO;

                  Plaintiffs,

-against-

THE CITY OF PHILADELPHIA,

                  Defendant.

Case No. 2:19-cv-03846

**BRIEF IN SUPPORT OF PLAINTIFFS'
MOTION FOR ENTRY OF FINAL
JUDGMENT OR, ALTERNATIVELY,
FOR PRACTICAL MODIFICATION,
PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 54(b)**

Judge: Honorable Harvey Bartle III

## TABLE OF CONTENTS

I.    Introduction ..................................................................................................1

II.   PROCEDURAL HISTORY ........................................................................2

III.  Legal Argument...........................................................................................4

       A.   Entry of Final Judgment under Rule 54(b) Is Warranted ...........................................4

             1.   The Court's Adjudication of Plaintiffs' Program Access Claim is Final..........4

             2.   There Is No Just Reason to Delay Entry of Final Judgment ..........................5

       a)   The Court's Resolution of Plaintiffs' Program Access Claims Is Separate and Distinct from Resolution of the Kinney/maintenance Claims ...........................................6

       b)   Appellate Review of the Program Access Claims Will Not be Mooted by Future Developments in this Litigation .......................................................7

       c)   The Court of Appeals Will Not Have to Consider the Same Issues More than Once .7

       d)   There are no Counterclaims Pending ......................................................7

       e)   Additional Factors Weigh in Favor of a Finding that there is No Just Delay ............8

       B.   As an Alternative, A Practical Revision of the Order Is Warranted ..........................9

IV.   Conclusion ...............................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Berckeley Inv. Group, Ltd. v. Colkitt,*
   455 F.3d 195 (3d Cir. 2006) .......................................................................................6

*Elliott v. Archdiocese of N.Y.,*
   682 F.3d 213 (3d Cir. 2012) .......................................................................................4

*Kinney v. Yerusalim,*
   Civ. No. 92-4101 (E.D. Pa. May 23, 1994)...............................................................1

*Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B,*
   225 F.R.D. 171 (D. Md. 2004)....................................................................................8

*PAETEC Communs., Inc. v. MCI Communs. Servs.,*
   784 F. Supp. 2d 542 (E.D. Pa. 2011) .........................................................................8

*Southco, Inc. v. Fivetech Tech., Inc.,*
   2014 U.S. Dist. LEXIS 193140 (E.D. Pa. January 24, 2014)....................................4

**Regulations**

28 C.F.R. § 35.151(b).................................................................................................3

**Rules**

Fed. R. Civ. P. 54(b) .........................................................................................*passim*

## I.    INTRODUCTION

On July 6, 2020, the Court issued an Opinion and Order dismissing Plaintiffs' claims that Defendant the City of Philadelphia has failed to provide meaningful access to its pedestrian right of way service, program, or activity under Title II of the Americans with Disabilities Act ("Title II") and Section 504 of the Rehabilitation Act of 1973 ("Section 504") ("program access claims").  (ECF Nos. 49, 50.)  The Court left in place the separate unchallenged claims regarding newly constructed and altered facilities (including maintenance of those newly constructed or altered facilities) brought pursuant to Title II and Section 504, those statutes' implementing regulations, and the Court's prior decisions in *Kinney v. Yerusalim*[1] ("*Kinney/*maintenance claims").

Plaintiffs now ask the Court, pursuant to Fed. R. Civ. P. 54(b), to direct the entry of a final judgment on dismissal of Plaintiffs' program access claims to allow Plaintiffs to immediately appeal that ruling.  There is no just reason to delay such a final judgment and there are ample grounds to permit an appeal to go forward.  Further, the requested relief will permit the balance of the litigation to proceed with the prospect of prompt relief on the certified class's *Kinney/*maintenance claims.  This situation fits well within the ambit of Rule 54(b).

In the alternative, Plaintiffs request a practical modification of the order to avoid the stark consequences of the dismissal, permit flexible discovery, and, if Plaintiffs establish liability, enable effective and comprehensive relief.

---

[1] Civ. No. 92-4101 (E.D. Pa. May 23, 1994) (ECF No. 1, Ex. A).

1

II.     **PROCEDURAL HISTORY**

Plaintiffs filed their Complaint on August 26, 2019, seeking injunctive and declaratory relief under Title II and Section 504.  Plaintiffs alleged two independent bases for each of these legal violations:  *first*, Defendant's failure to provide meaningful access to its pedestrian right of way service, program, or activity (the "program access claims"); and *second*, Defendant's failure to ensure that newly constructed or altered facilities were made fully compliant at the time of the new construction or alteration, and have been consistently maintained since then (the "*Kinney*/maintenance claims").

The program access claims encompass Defendant's entire pedestrian right of way system and would provide comprehensive relief for Plaintiffs.  The *Kinney*/maintenance claims have an entirely different focus, requiring Defendant to ensure the compliance of facilities that were newly constructed or altered after the effective dates of Section 504 and, later, Title II, including curb ramps that a) were not compliant with relevant accessibility laws when the adjacent streets were resurfaced, b) were not brought into compliance at the time of that resurfacing, and c) have not been maintained since that time.  Thus, the program access claims analyze meaningful access to the entire citywide pedestrian right of way system, regardless of construction or alteration date, while the *Kinney*/maintenance claims are limited to the question of when each curb ramp, sidewalk, and crosswalk was constructed or altered and whether they were made accessible at that time and maintained since then.

On April 24, 2020, Defendant filed a partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b), seeking to dismiss only Plaintiffs' program access claims on the grounds that Defendant's citywide pedestrian right of way system is not a service, program, or activity under Title II or

Section 504[2] (ECF No. 39.)  On May 8, Plaintiffs filed an opposition to Defendant's motion (ECF No. 44); and on May 15, Defendant filed its reply (ECF No. 45).

On July 6, the Court issued an Opinion (ECF No. 49) and Order (ECF No. 50), granting Defendant's motion and dismissing Plaintiffs' program access claims, agreeing with Defendant that a citywide pedestrian right of way system is not a service, program, or activity under Title II or Section 504.

The Court's Opinion and Order, as-written, significantly limit the scope of Plaintiffs' potential relief.  Consider this example:  A tree root, pole, or other obstacle exists in the middle of a well-traveled sidewalk that was built prior to Section 504 and Title II, and not altered since then; the obstacle blocks safe passage for wheelchair users and blind pedestrians to an adjacent curb ramp that was recently made compliant in conjunction with street repaving pursuant to 28 C.F.R. § 35.151(b).  Under the City's reading of the ADA, and, it appears, as a result of the Court's dismissal of Plaintiffs' program access claims, such a barrier would not be a violation of law and the City would have no responsibility to rectify it.  Respectfully, Plaintiffs believe this crimped reading is inconsistent with Title II, Section 504, and their respective implementing regulations.  Such a limited reading of applicable federal accessibility laws fails to ensure that people with disabilities can travel freely and safely wherever they intend to go and results in blocked pedestrian pathways between the City's other recognized service, programs, or activities.  For these reasons, Plaintiffs seek to appeal the denial.

---

[2] Defendant also sought to strike portions of Plaintiffs' complaint seeking injunctive relief in the form of a self-evaluation or transition plan, which the Court also granted.  Plaintiffs do not seek entry of final judgment on that portion of the Court's decision.

As an alternative to immediately appealing the Court's dismissal of Plaintiffs' program access claims through entry of final judgment under Rule 54(b), Plaintiffs request a practical revision that would maximize the Court's and Parties' flexibility to further assess these claims during discovery, pursuant to Rule 54(b)'s allowance that a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b).

## III.   LEGAL ARGUMENT

### A.    Entry of Final Judgment under Rule 54(b) Is Warranted

Federal Rule of Civil Procedure 54(b) provides that a district court may enter final judgment on a single claim in an action with multiple claims "if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) "requires that a district court first determine whether there has been an ultimate disposition on a cognizable claim for relief as to a claim or party such that there is a final judgment. [Citation] If it determines that there has been such a disposition, the district court must go on to determine whether there is any just reason for delay, taking into account judicial administrative interests as well as the equities involved." *Elliott v. Archdiocese of N.Y.*, 682 F.3d 213, 220 (3d Cir. 2012) (citation and internal quotation marks omitted). As explained below, the Court's partial dismissal order satisfies Rule 54(b)'s requirements, and there is no just reason to delay appellate review.

1.    The Court's Adjudication of Plaintiffs' Program Access Claim is Final

"In order for Rule 54(b) to apply, the judgment must be final with respect to one or more claims." *Southco, Inc. v. Fivetech Tech. Inc.*, No. 10 Civ. 1060, 2014 WL 12607744, *1 (E.D. Pa. Jan. 24, 2014), *aff'd*, 611 F. App'x 681 (Fed. Cir. 2015). A judgment is final for Rule 54(b) purposes if it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* (internal quotation marks omitted).

4

Here, there is no doubt that the Court treated the program access claims as individual claims separate from the *Kinney*/maintenance claims.  The Court's Opinion and Order dispose of Plaintiffs' program access claims under both Title II and Section 504 by dismissing Plaintiffs' complaint "to the extent plaintiffs allege that the City's failure to maintain pedestrian rights of way itself constitutes the denial of or exclusion from a City service, program, or activity."  (ECF No. 49 at 12; *see also* ECF No. 50 at ¶ 2.)  Having reviewed case law from Courts of Appeals in other circuits that does hold pedestrian rights of way to be a program service or activity, the Court specifically did not find those cases persuasive.  (ECF No. 49 at 11, n.2.)  This dismissal of Plaintiffs' program access claims forecloses Plaintiffs from pursuing those claims and obtaining the relief available under such claims.

2. <u>There Is No Just Reason to Delay Entry of Final Judgment</u>

In determining whether there is "no just reason for delay," the Court must consider the following five factors:

1) The relationship between the adjudicated and unadjudicated claims;

2) The possibility that the need for review might or might not be mooted by future developments in the district court;

3) The possibility that the reviewing court might be obliged to consider the same issue a second time;

4) The presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final;

5) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, etc.

*See Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006). Each of these factors suggests that prompt appeal is warranted with respect to the Court's dismissal of Plaintiffs' discrete program access claims.

> a)  *The Court's Resolution of Plaintiffs' Program Access Claims Is Separate and Distinct from Resolution of the* Kinney/*maintenance Claims*

The Court's resolution of Plaintiffs' program access claims is completely separate and distinct from the remaining issues concerning Plaintiffs' claims regarding new construction, alteration, and maintenance of individual pedestrian right of way facilities. Appeal of the program access claims will involve analysis of whether the City's network of pedestrian rights of way constitutes a service, program, or activity under Title II and a program or activity under Section 504 such that the City must provide meaningful access thereto. The Court has determined that pedestrian rights of way do not constitute a service, program, or activity. The remaining *Kinney*/maintenance claims are discrete in that they pertain exclusively to facilities that have been newly constructed or altered since the implementation of the relevant statutes, and are therefore required to fully comply with specific architectural standards.

Additionally, the *Kinney/*maintenance claims involve different discovery. For example, Plaintiffs will need to examine the City's abandonment or curtailment of compliance with the orders in *Kinney v. Yerusalim*, as alleged in the Complaint. (ECF No. 1.) Additionally, to develop those claims, Plaintiffs will need to explore the nature and dates of all resurfacing projects that should have resulted in curb cut work. Similarly, for all other alteration/maintenance claims, Plaintiffs will need to acquire specific details related to all construction projects since the effective date of Section 504 that implicate pedestrian right of way facilities and the dates on which they occurred, including whether facilities that have been newly constructed or altered since the effective date of Title II have been adequately maintained.

On the other hand, the program access claims would involve discovery on whether the Plaintiff class can meaningfully access the city-wide pedestrian right of way system when

viewed in its entirety.  It would likely involve statistical assessments of non-compliant pedestrian rights of way and analysis of the City's policies on rectifying barriers.  If the Parties reach summary judgment briefing or trial on the merits of the *Kinney* claims, the issues would be similarly distinct from the issues involved in the merits of the program access claims.

b)   *Appellate Review of the Program Access Claims Will Not be Mooted by Future Developments in this Litigation*

Because an immediate appeal would concern separate and distinct issues, appellate review will not be mooted by future developments before this Court with respect to possible further relief.  The primary question on appeal would be whether the Court's interpretation and application of what constitutes a service, program, or activity under Title II and Section 504 are correct as a matter of law.  Subsequent rulings regarding Defendant's compliance with statutory requirements for new construction and alterations will not moot the legal issues resolved by the Court's ruling on Plaintiffs' program access claims.

c)   *The Court of Appeals Will Not Have to Consider the Same Issues More than Once*

The issues presented to the Court of Appeals in reviewing the dismissal would not be presented more than once if there are subsequent appeals related to any further remedies that the Court may grant.  The question of whether a city's pedestrian right of way system is a service, program, or activity under Title II or a program or activity under Section 504 is irrelevant to Plaintiffs' remaining *Kinney*/maintenance claims, and therefore is only at issue in Plaintiffs' program access claims.

d)   *There are no Counterclaims Pending*

There are no counterclaims pending.

       e)      *Additional Factors Weigh in Favor of a Finding that there is No Just Delay*

The miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like also weigh in favor of a finding that there is no just reason for delaying the entry of final judgment on Plaintiffs' program access claims.

The Court decided an issue of great importance to individuals with disabilities that affect their mobility as a matter of first impression within the Third Circuit.  As this Court acknowledged, other circuit courts nationally have resolved the question in the manner urged here by Plaintiffs.  (ECF No. 49 at 11, n.2.)  The Court's determination that a city's provision of a citywide network of pedestrian rights of way is not itself a service, program, or activity to which the City must provide meaningful access—or *any* access, absent new construction or alterations or unless the sidewalk leads to a separate service, program, or activity, such as a city building—presents an issue that significantly impacts individuals with disabilities that affect their mobility who wish to use pedestrian rights of way for transportation and circulation throughout their cities.  *See PAETEC Commc'ns., Inc. v. MCI Commc'ns. Servs.*, 784 F. Supp. 2d 542, 548 (E.D. Pa. 2011) (final judgment appropriate where the district court had "decided an issue important … as a matter of first impression"); *Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B*, 225 F.R.D. 171, 176 (D. Md. 2004) ("[T]he novelty of the legal question to be certified weighs in favor of certification.").

The resolution of this legal issue now, rather than after a trial that determines the appropriate remedies, will also provide certainty in this case as to the appropriate remedies and it will inform others affected by this Court's decision.  A resolution by the Third Circuit would provide clarity as to the state of disability anti-discrimination law, and specifically as to the scope of a city's obligations with respect to pedestrian rights of way.

Furthermore, an immediate appeal may save the Court and the Parties significant resources and promote judicial efficiency.  If Plaintiffs and the certified class must wait until the

end of an adjudication of their *Kinney*/maintenance claims to appeal the dismissal of their

program access claims, the litigation will likely be unnecessarily prolonged by multiple years.

There is no just reason to delay such an appeal.

**B.        As an Alternative, A Practical Revision of the Order Is Warranted**

Rule 54(b) provides in portion that any non-final order "that adjudicates fewer than all

the claims… does not end the action as to any of the claims or parties and may be revised at any

time before the entry of a judgment adjudicating all the claims[.]"  If the Court believes that its

Opinion and Order dismissing Plaintiffs' program access claims are not appropriate for final

judgment at this time, Plaintiffs believe a practical revision of the Opinion and Order is

appropriate to ensure that discovery is not artificially and impractically limited.

Plaintiffs believe discovery of information on critical barriers in pedestrian right of way

facilities that were not built or altered after the effective date of Section 504 is relevant and

appropriately tailored to Plaintiffs' remaining *Kinney*/maintenance claims.  The dismissal of

Plaintiffs' program access claims could be read to preclude such discovery—no matter the

practical effect of those barriers on Plaintiffs' ability to access newer facilities (imagine the tree

root, pole, or other obstacle described in Plaintiffs' example, *supra* at p.3).  Plaintiffs believe

such a dramatic limitation of discovery should not be an unintended consequence of the Court's

dismissal of Plaintiffs' program access claims.

Plaintiffs therefore believe the Court could remedy this unintended consequence by doing

the following:  a) revising the Order (ECF No. 50) to state that the dismissal of Plaintiffs'

program access claims is without prejudice to those claims being presented after the close of

discovery, and to term as tentative the legal analysis on that issue, and b) permitting discovery on

*all* claims (including both the program access and *Kinney*/maintenance claims).  This approach

exposes Defendant to no more discovery or trial than would have occurred absent the Court's

ruling, and it permits Plaintiffs to litigate the extent to which pedestrian paths of travel

effectively interfere with their indisputable right to travel freely within the city where they live,

work, and travel.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court, pursuant to Rule 54(b), to

direct the entry of a final judgment on its Opinion and Order dismissing Plaintiffs' program

access claims.  (ECF Nos. 49, 50).  Alternatively, Plaintiffs respectfully ask the Court to adopt a

practical revision to ensure that discovery and possible relief, if liability is shown, are

appropriately comprehensive.


Dated:  July 20, 2020          By: /s/ Andrea Kozak-Oxnard
                                   Andrea Kozak-Oxnard*
                                   akozakoxnard@dralegal.org
                                   Michelle A. Caiola*
                                   mcaiola@dralegal.org
                                   Rebecca J Sobie*
                                   rsobie@dralegal.org
                                   DISABILITY RIGHTS ADVOCATES
                                   655 Third Avenue, 14th Floor
                                   New York, NY 10017-5621
                                   Tel: (212) 644-8644
                                   Fax: (212) 644-8636

                                   David Ferleger
                                   david@ferleger.com
                                   DAVID FERLEGER LAW OFFICE
                                   413 Johnson St.
                                   Jenkintown, PA 19046
                                   Tel: (215) 887-0123

                                   Meredith J. Weaver*
                                   mweaver@dralegal.org
                                   DISABILITY RIGHTS ADVOCATES
                                   2001 Center Street, Fourth Floor
                                   Berkeley, CA 94704-1204

Tel: (510) 665-8644
Fax: (510) 665-8511

*Attorneys for Plaintiffs*

*Admitted Pro Hac Vice

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LIBERTY RESOURCES, INC, et al.,<br><br>           Plaintiffs,<br>v.<br><br>THE CITY OF PHILADELPHIA<br><br>           Defendant | Case No. 2:19-cv-03846<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that the foregoing **BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT OR, ALTERNATIVELY, FOR PRACTICAL MODIFICATION, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b)** is hereby filed electronically and available for viewing and downloading from the ECF system; and has been served on Defendant's counsel by ECF's electronic notification today, July 20, 2020.

By: /s/ Andrea Kozak-Oxnard
      Andrea Kozak-Oxnard*
      akozakoxnard@dralegal.org
      DISABILITY RIGHTS ADVOCATES
      655 Third Avenue, 14th Floor
      New York, NY 10017-5621
      Tel: (212) 644-8644
      Fax: (212) 644-8636

      *Attorney for Plaintiffs*

      *Admitted Pro Hac Vice*