## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| **LIBERTY RESOURCES, INC., et al.,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **V.** | : | **Case Number** |
| | : | **19-cv-3846** |
| **CITY OF PHILADELPHIA,** | : | |
| **Defendant.** | : | |
| | : | |
| | : | |

## ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, the City of Philadelphia (the "City), by and through its undersigned counsel, hereby answers Plaintiffs Liberty Resources, Inc. et al.'s Complaint as follows:

## INTRODUCTION

1.      The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

2.      The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent this paragraph sets forth conclusions of law no response is required and any such averments are therefore denied.

3.      The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

4.      The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

5.      The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

6.      The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

7.      The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

8.      The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

9.      The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent this paragraph sets forth conclusions of law no response is required and any such averments are therefore denied.

10.     Admitted in part and denied in part. The City admits only that Plaintiffs sent a demand letter around July 22, 2019 to which the City was unable to respond to prior to the filing of the Complaint. The demand letter referred to in this paragraph is a document that speaks for itself and any characterization thereof is denied. The remaining allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

## JURISDICTION

11.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

12.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

13.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

## VENUE

14.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

## PARTIES

15.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

16.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

17.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

18.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

19.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent this paragraph sets forth conclusions of law no response is required and any such averments are therefore denied.

20.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent this paragraph sets forth conclusions of law no response is required and any such averments are therefore denied.

21.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent this paragraph sets forth conclusions of law no response is required and any such averments are therefore denied.

22.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

23.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

## FACTUAL ALLEGATIONS

**A.      Allegations Regarding "Accessible Pedestrian Rights of Way"**

24.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

25.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

26.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

27.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

28.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied.

29.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent this paragraph sets forth conclusions of law no response is required and any such averments are therefore denied.

30.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent this paragraph sets forth conclusions of law no response is required and any such averments are therefore denied.

4

31.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent this paragraph sets forth conclusions of law no response is required and any such averments are therefore denied.

32.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent this paragraph sets forth conclusions of law no response is required and any such averments are therefore denied.

33.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent this paragraph sets forth conclusions of law no response is required and any such averments are therefore denied.

34.     The allegations in this paragraph set forth conclusions of law to which no response is required and any such averments are therefore denied. To the extent any allegations are deemed factual, they are denied.

35.     The allegations in this paragraph set forth conclusions of law to which no response is required and any such averments are therefore denied. To the extent any allegations are deemed factual, they are denied.

36.     Admitted in part and denied in part. The City admits that in 2014 it estimated around 72,000 curb ramps could require upgrades at a cost of $7,500 per ramp. The remaining averments are denied. To the extent this paragraph sets forth conclusions of law no response is required and any such averments are therefore denied.

**B.     Allegations Regarding Barriers in Philadelphia's "Pedestrian Rights of Way System"**

37.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

5

38.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

39.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

40.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

***Tony Brooks***

41.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent the averments of this paragraph set forth conclusions of law, no response is required and they are therefore denied.

42.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

43.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

44.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent the averments of this paragraph set forth conclusions of law, no response is required and they are therefore denied.

45.     The City lacks sufficient information to admit or deny the remaining averments of this paragraph, and therefore denies them. To the extent the averments of this paragraph set forth conclusions of law, no response is required and they are therefore denied.

46.     The City lacks sufficient information to admit or deny the remaining averments of this paragraph, and therefore denies them. To the extent the averments of this paragraph set forth conclusions of law, no response is required and they are therefore denied.

*Liam Dougherty*

47.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent the averments of this paragraph set forth conclusions of law, no response is required and they are therefore denied.

48.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

49.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent the averments of this paragraph set forth conclusions of law, no response is required and they are therefore denied.

50.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

51.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

52.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

53.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

54.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

55.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

56.    The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent the averments of this paragraph set forth conclusions of law, no response is required and they are therefore denied.

57.    The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

58.    The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

***Fran Fulton***

59.    The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

60.    The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

61.    The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

62.    The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

63.    The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

64.    The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

65.    The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

66.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

67.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

68.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent the averments of this paragraph constitute conclusions of law, they require no response and are therefore denied.

69.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent the averments of this paragraph set forth conclusions of law, no response is required and they are therefore denied.

70.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

71.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

72.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

73.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

74.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent the averments of this paragraph set forth conclusions of law, no response is required and they are therefore denied.

*Louis Olivo*

75.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent the averments of this paragraph set forth conclusions of law, no response is required and they are therefore denied.

76.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

77.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent the averments of this paragraph set forth conclusions of law, no response is required and they are therefore denied.

78.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

79.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

80.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent the averments of this paragraph set forth conclusions of law, no response is required and they are therefore denied.

81.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

82.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

***Organizational Plaintiffs***

83.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them. To the extent the averments of this paragraph set forth conclusions of law, no response is required and they are therefore denied.

84.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

85.     The allegations in this paragraph set forth conclusions of law to which no response is required and any such averments are therefore denied. To the extent any allegations are deemed factual, they are denied.

86.     The allegations in this paragraph set forth conclusions of law to which no response is required and any such averments are therefore denied. To the extent any allegations are deemed factual, they are denied.

87.     The allegations in this paragraph set forth conclusions of law to which no response is required and any such averments are therefore denied. To the extent any allegations are deemed factual, they are denied.

88.     Admitted in part and denied in part. The City admits that the City's ADA Coordinator at the time, Daniel Lopez, met with representatives of Liberty Resources, Inc. ("Liberty Resources") in June 2018 to discuss pedestrian facilities in the City and that Mr. Lopez was the City's ADA Coordinator from approximately January 2018 to August 2018. The remaining allegations in this paragraph set forth conclusions of law to which no response is required and any such averments are therefore denied. To the extent any allegations are deemed factual, they are denied.

89.     Admitted in part and denied in part. The City admits that a follow-up meeting appeared to have been scheduled but is without sufficient information to admit or deny who the meeting was scheduled with other than Mr. Lopez. The remaining averments of this paragraph reference a document, which speaks for itself and any characterization thereof is denied.

90.     Denied as stated. The City admits only that a follow-up meeting was postponed and that the City sent a written response to Mr. Dougherty's questions and requests. The remaining averments of this paragraph reference a document, which speaks for itself and any characterization thereof is denied.

91.     Denied as stated. The City admits only that it received an email from Liam Dougherty on August 2, 2018, which itself and any photographs attached thereto are documents that speak for themselves and any characterization of them is denied. Otherwise the City lacks sufficient information to admit or deny the remaining averments of this paragraph, and therefore denies them.

92.     The allegations in this paragraph set forth conclusions of law to which no response is required and any such averments are therefore denied. To the extent any allegations are deemed factual, they are denied.

93.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

94.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

95.     Admitted.

96.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

97.     Admitted in part and denied in part. The City admits only that it offered remediation of barriers via a request program in 2014. Otherwise, denied.

98.     The City lacks sufficient information to admit or deny the averments of this paragraph, and therefore denies them.

## CLASS ALLEGATIONS

99.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

100.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

101.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

102.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

103.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

104.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

105.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

106.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

107.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

108.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

## FIRST CAUSE OF ACTION
## VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT
### (42 U.S.C. § 12131, *et seq.*)

109.     The City incorporates the above responses as if set forth fully herein.

110.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

111.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

112.     The allegations in this paragraph set for To the extent any allegations are deemed factual, they are denied.th conclusions of law to which no response is required and are therefore denied.

113.    The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

114.    The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

115.    The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

116.    The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

117.    The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

118.    The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

119.    The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

120.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

121.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

122.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

123.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

124.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

125.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

126.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

127.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

## SECOND CAUSE OF ACTION
## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973
**(29 U.S.C. § 794, *et seq.*)**

128.     The City incorporates the above responses as if set forth fully herein.

129.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

130.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

131.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

132.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

133.     The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

134.    The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

135.    The allegations in this paragraph set forth conclusions of law to which no response is required and are therefore denied. To the extent any allegations are deemed factual, they are denied.

## PRAYER FOR RELIEF

The City denies that Plaintiffs and the putative class are entitled to any relief, including the relief sought in the Prayer For Relief of the Complaint.

Any allegations in the Complaint that were not specifically admitted are hereby denied.

## AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint, Defendant alleges each of the following as separate affirmative defenses, expressly reserving all of its rights to allege additional defenses, and/or to seek leave of Court to amend to allege additional defenses, when and if facts supporting such defenses become known to them.

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    The Complaint, and each purported cause of action alleged in the Complaint, is barred to the extent that it relies on events that occurred before the period captured by the running of the applicable statute of limitations.

3.    The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because the City has provided reasonable access to its services, programs and activities.

18

4.      The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part on the ground and to the extent that Plaintiffs' requested modifications of policies, practices or procedures are unreasonable and/or unnecessary to avoid discrimination on the basis of disability.

5.      The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because Defendant is not obligated to remove the barriers alleged in the Complaint to the extent that the facilities at issue were constructed and/or modified before the effective date of any law or regulation prohibiting the existence of any such alleged barrier.

6.      The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part on the ground and to the extent that the relief sought by Plaintiffs, including without limitation the alteration of existing facilities or construction of new facilities, would result in an undue financial or administrative burden.

7.      Plaintiffs have failed to establish legal and/or equitable entitlement to injunctive relief.

8.      Plaintiffs' Complaint is barred in whole or in part by the doctrine of equitable estoppel.

9.      Plaintiffs' prayer for injunctive relief is moot and/or will be moot in whole or in part by the time this matter is adjudicated.

10.     The Complaint, and each purported cause of action alleged in the Complaint, is barred in whole or in part because Plaintiffs' injury or injuries, if any, was/were caused by third parties acting outside the scope of agency, employment or control of Defendant, including without limitation third parties who own or control the property on which Plaintiffs seek remediation or third parties who own or control adjoining property.

11.     Plaintiffs are not entitled to the injunctive relief sought against Defendant as they have failed to join necessary parties to the action to effect such relief, including without limitation third parties who own or control the property on which Plaintiffs seek remediation or third parties who own or control adjoining property.

12.     Plaintiffs lack standing to seek some or all of the injunctive relief sought in the Complaint.

13.     The Complaint is barred to the extent the alleged violations of law are excused or justified under the statutes under which Plaintiffs have sued.

14.     Plaintiffs are not entitled to recover attorneys' fees from Defendant as alleged in the Complaint. In the alternative, to the extent that Plaintiffs are entitled to recover attorneys' fees or costs, such fees and costs are barred on the ground and to the extent that they were not reasonably incurred or were incurred at an excessive rate.

## SPECIFIC RESERVATION

The City specifically reserves the right to amend this Answer by way of adding additional affirmative defenses and counterclaims, or by instituting third-party actions and/or cross-claims, as additional facts are obtained through further investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiffs' Complaint and having asserted defenses and affirmative defenses, the City respectfully requests that the Court:

1.  Dismiss Plaintiffs' claims with prejudice and with no relief to Plaintiffs;

2.  Award the City such relief as the Court deems just and equitable.

Dated:  <u>August 18, 2020</u>               By: <u>*s/ Kymberly K. Evanson*</u>

Kymberly K. Evanson, *Admitted Pro Hac Vice*
Paul L. Lawrence, *Admitted Pro Hac Vice*
Pacifica Law Group LLP
1191 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 245-1700
Kymberly.Evanson@pacificalawgroup.com

Diana P. Cortes
Chair, Litigation Group
Eleanor Ewing
Chief Deputy City Solicitor
Benjamin Field
Divisional Deputy City Solicitor
Sean McGrath
Assistant City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
(215) 683-5038
Diana.Cortes@phila.gov

*Attorneys for Defendant City of Philadelphia*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **ANSWER TO PLAINTIFFS' COMPLAINT** is hereby

filed electronically and available for viewing and downloading from the ECF system; and has

been served on counsel for Plaintiffs by ECF's electronic notification today, August 18, 2020.

Dated:  August 18, 2020                By: *s/ Kymberly K. Evanson*

Kymberly K. Evanson, *Admitted Pro Hac Vice*
Paul L. Lawrence, *Admitted Pro Hac Vice*
Pacifica Law Group LLP
1191 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 245-1700
Kymberly.Evanson@pacificalawgroup.com

Diana P. Cortes
Chair, Litigation Group
Eleanor Ewing
Chief Deputy City Solicitor
Benjamin Field
Divisional Deputy City Solicitor
Sean McGrath
Assistant City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
(215) 683-5038
Diana.Cortes@phila.gov

*Attorneys for Defendant City of Philadelphia*