UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTY RESOURCES, INC., et al.,<br><br>Plaintiffs,<br><br>V.<br><br>CITY OF PHILADELPHIA,<br><br>Defendant. | Case No. 2:19-cv-03846 HB<br><br><br><br>Honorable Harvey Bartle III |

**CITY OF PHILADELPHIA'S PRETRIAL MEMORANDUM**

**I.   NATURE OF THE ACTION**

**A.   Procedural Posture and Summary of Claims for Trial**

Plaintiffs filed this suit against the City of Philadelphia ("the City") on August 26, 2019 alleging claims arising under Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act related to the City's pedestrian facilities (collectively, "ADA claims"). The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

Plaintiffs alleged that the City was liable under the ADA for: (1) failure to conduct a self-evaluation under 28 C.F.R. § 35.105, (2) failure to produce a transition plan under 28 C.F.R. § 35.150(d), (3) failure to provide program access to the pedestrian right of way under 42 U.S.C. § 12132, 28 C.F.R. § 35.149, 28 C.F.R. § 35.150(a), and 29 U.S.C. § 794, (4) failure to install ADA-compliant adjacent curb ramps when resurfacing streets under *Kinney v. Yerusalim*, 9 F.3d 1067 (3d Cir. 1993), 28 C.F.R. § 35.151, and 29 U.S.C. § 794, and (5) failure to maintain its pedestrian facilities under 28 C.F.R. § 35.133 and 28 C.F.R. 36 App. A. 4.1.1(4). Dkt. # 49, 6-7.

On July 6, 2020, this Court granted the City's Motion to Dismiss claims 1, 2, and 3.  Dkt. # 49.

On October 27, 2021, the Court granted in part the City's Partial Motion for Summary Judgment on claims 4 and 5.  Dkt. # 96.  First, the Court ruled that in order "to prove violations of 28 C.F.R. § 35.151, Plaintiffs must prove violations as to specific curb ramps at specific intersections."  *Id.* at 11.  The Court thus granted the City's motion for summary judgment to the extent that Plaintiffs sought liability based on the City's policies alone.  *Id.*  The Court reserved for trial the issue of whether any "specific curb ramps" identified by the Plaintiffs in discovery violate the ADA.  *Id.* at 12.  The Court also dismissed all claims based on street segments that are outside the City's jurisdiction, including those street segments in the City under the control of the Pennsylvania Department of Transportation.  Dkt. # 97 at 1.

The Court further ruled as a matter of law that the statute of limitations on Plaintiffs' alteration claims arising under 28 C.F.R. § 35.151 is two years, accruing from the date of alteration.  Dkt. # 96 at 15.  Accordingly, to the extent Plaintiffs pursue at trial specific facilities where street alterations took place in advance of August 26, 2017, the City can introduce evidence that claims relating to those facilities are time-barred.  Finally, the Court ruled that the statute of limitations did not bar Plaintiffs' maintenance claims arising under 28 C.F.R. § 35.133.  Dkt. # 96 at 20.

In summary, as a result of the Court's prior rulings, the only issues for trial are whether specific curb ramps, previously identified by the Plaintiffs in discovery, violate the ADA either under 28 C.F.R. § 35.151 or § 35.133, subject to any defenses the City may assert, including, but not limited to, statute of limitations defenses to alteration claims for resurfacing work done prior to August 26, 2017.

B.     **Legal Standards Applicable to Claims for Trial**

   1.  **Alterations to Existing Facilities under 28 C.F.R § 35.151**

As relevant to Plaintiffs' remaining claims, 28 C.F.R. § 35.151 requires that when the City alters pedestrian facilities, the part of the facility that is altered must, "*to the maximum extent feasible*, be altered in such manner that the altered portion of the facility is readily accessible to and usable by individuals with disabilities...." 28 C.F.R. § 35.151(b)(1) (emphasis added).  To be "readily accessible," pedestrian facilities must be constructed in conformance with the applicable ADA standards, which in turn depend upon when the facility was built or altered.  *Daubert v. Lindsay Unified Sch. Dist.*, 760 F.3d 982, 986 (9th Cir. 2014).

Pursuant to 28 C.F.R. § 35.151(c)(1)-(3), alterations which commenced after January 26, 1992 but before March 15, 2012 must comply with either the Uniform Federal Accessibility Standards (UFAS) or the 1991 ADA Standards (ADAAG).  28 C.F.R. Pt. 36, App. A.3.  For alterations that commenced after March 15, 2012, compliance with the 2010 ADA Standards (ADAS) is required.  *Id.*  Alterations commenced in between September 10, 2010 and March 15, 2012, can comply with either of the three standards.  *Id.*  Finally, "[d]epartures from particular requirements of either standard by the use of other methods shall be permitted when it is clearly evident that equivalent access to the facility or part of the facility is thereby provided."  *Id.* § 35.151(c)(1).

As such, under 28 C.F.R. § 35.151, the burden is on the Plaintiffs at trial to prove that the City engaged in "alterations that affect or could affect the usability of the facility" and that the City failed to make the altered portion of the "facility readily accessible to and usable by individuals with disabilities," to the maximum extent feasible.  28 C.F.R. § 35.151(b).  To meet this burden, in addition to justiciability requirements, Plaintiffs must show (i) that the facility

3

was built or altered after January 26, 1992; (ii) the applicable standard and specifications at the time of construction or alteration; and (iii) the actual, on-the-ground measurements of the facility in question.

If Plaintiffs carry their initial burden, the City is entitled to put on defenses applicable to specific locations under 28 C.F.R § 35.151 and the ADA Standards, including that the alteration in question took place in advance of August 26, 2017, and is therefore outside of the two-year statute of limitations, or that meeting some or all of the ADA Standards for a specific facility would be technically infeasible.  The City may also put on evidence that access is facilitated through equivalent means or that conventional building industry tolerances apply such that specific deviations from the ADA Standards are permissible.  *See e.g.*, ADAS 106.5 (technical infeasibility); ADAS 103 and § 35.151(c)(2) (equivalent facilitation); ADA 104.1 (tolerances).  Similarly, the City may also show that an existing ramp at a particular location was not required to be upgraded during resurfacing because it complied with the standards in place at the time it was constructed.  28 C.F.R. § 35.150(b)(2)(i).  Finally, the City may also show that curb ramps alleged to be "missing" are not required at a specific location due to lack of a pedestrian path or safety concerns.

### 2. Maintenance under 28 C.F.R. § 35.133

The ADA's maintenance provision is codified at 28 C.F.R. § 35.133 and provides:

> **(a)** A public entity shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Act or this part.
> **(b)** This section does not prohibit isolated or temporary interruptions in service or access due to maintenance or repairs.

The maintenance obligation extends only to facilities that were built or altered after January 26, 1992.  Dkt. # 49 at 12.  The "maintenance obligation applies only 'to the maximum extent

4

feasible,'" and service interruptions are inappropriate only if they 'persist beyond a reasonable period of time.'" *Kirola v. City & Cty. of San Francisco*, 74 F. Supp. 3d 1187, 1261 (N.D. Cal. 2014), *aff'd in part, rev'd in part*, 860 F.3d 1164 (9th Cir. 2017) (citing 28 C.F.R. Part 35 App. A).

In order to make out a claim for a violation of 28 C.F.R. § 35.133, the burden is on the Plaintiffs to show: 1) a specific facility that was built or altered after January 26, 1992; 2) that the facility is not in an operable working condition; 3) that the condition persisted beyond a reasonable time; and 4) that the condition is attributable to a lack of maintenance.  Plaintiffs must also meet the requirements for a justiciable claim.

## II.  COUNTER STATEMENT OF FACTS OF THE CASE[1]

The City has a long history of constructing curb ramps throughout the City, which predates both the passage of the ADA and this Court's order in *Kinney v. Yerusalim*, 812 F. Supp. 547, 548 (E.D. Pa. 1993).  Contrary to the characterizations in the Plaintiffs' pretrial memorandum, to the extent it is relevant, the City will present evidence that it has consistently worked to provide ADA-compliant curb ramps at every legal and safe crossing in the City, regardless of whether or not the adjacent street was resurfaced.  If relevant, City witnesses can testify to the various policies in place in the City in the years since the passage of the ADA and how such policies have resulted in the installation of curb ramps at over 16,000 intersections throughout the City.

---

[1] Many of the facts identified in the Plaintiffs' statement are irrelevant to the remaining issues in the case. Nonetheless, as required by Local Rule 16.1, the City will identify areas of disagreement with the Plaintiffs' presentation.

The City will further present evidence to rebut Plaintiffs' claims pertaining to the "Curb Ramp Partnership Program." Under this program, which was in place from 2015-2019,[2] the City departed from its prior practice of replacing all curb ramps in conjunction with repaving regardless of ramp age or condition. Instead, the City dedicated 20% of its paving budget to building curb ramps in response to citizen requests. The City's witnesses will testify that this program was adopted with the involvement of the disability community, including Plaintiff organizations. City witnesses will also testify that during this time period, some curb ramps were also upgraded during street resurfacing if they were identified as hazardous or missing during pre-construction site reviews on resurfacing routes. Further, City witnesses will testify that the City continued to upgrade all ramps adjacent to resurfacing on FAM routes during this time period.

The City will further show that the Curb Ramp Partnership Program was discontinued in 2020. City witnesses will testify about the City's current process of evaluating all existing curb ramps in conjunction with repaving and conducting necessary installations and upgrades, as well as the City's processes for curb ramp maintenance and repairs.

Consistent with the Court's order at summary judgment, the universe of facilities about which Plaintiffs can present evidence in support of their 28 C.F.R § 35.151 claims consists of those identified with specificity in discovery. With the exception of those facilities identified by the Plaintiffs' experts, Plaintiffs have not identified any specific facilities in their pleadings, discovery responses, or expert opinions, or in response to the City's motion for summary judgment that allegedly violate 28 C.F.R § 35.151. The City will put on evidence that the

---

[2] For purposes of Plaintiffs' 28 C.F.R § 35.151 claims, only alterations conducted after August 26, 2017 are at issue at trial.

majority of Plaintiffs' alterations claims at the facilities identified by Plaintiffs' experts are time-barred.  Plaintiffs should be precluded from presenting claims about alterations to specific facilities for the first time at trial.

Similarly, with very few exceptions, Plaintiffs have not identified alleged maintenance failures at specific facilities in their pleadings, discovery responses, or expert opinions, or in response to the City's motion for summary judgment.  None of Plaintiffs' experts offered any opinions on specific maintenance issues at the facilities they evaluated or the City's general maintenance policies or practices.  Accordingly, Plaintiffs should also be precluded from presenting maintenance claims about specific facilities for the first time at trial.

To the extent the Plaintiffs meet their prima facie burden that specific curb ramps at specific locations are not compliant with the required ADA standards, the City's expert witness Bill Hecker will testify to the City's defenses, as applicable to specific curb ramps.  Mr. Hecker will testify about the applicable ADA technical standards, how they are applied, and when exceptions to the technical standards are appropriately invoked.  Mr. Hecker will further testify about what conditions are appropriately characterized as maintenance conditions as opposed to alterations.  The evidence will show that the City is in compliance with the ADA.

### III. RELIEF

Plaintiffs are seeking declaratory and injunctive relief pertaining to the City's pedestrian facilities.  The City maintains that Plaintiffs will not be able to meet their burden at trial to prove that declaratory or injunctive relief is warranted and the City will seek dismissal of all claims with prejudice.

### IV. WITNESSES

The City intends to call as witnesses in its case in chief:

1. Michael Carroll, Deputy Managing Director for Transportation, Infrastructure & Sustainability, City of Philadelphia, c/o Defendant's counsel

2. Bill Hecker, Principal, Hecker Design, LLC, c/o Defendant's counsel

3. Sunil Gill, Engineering Manager, Transportation Planning and Analysis Unit, Streets Department, City of Philadelphia, c/o Defendant's counsel

4. Dan Call, Senior Lead GIS Analyst, Office of Innovation and Technology, City of Philadelphia, c/o Defendant's counsel

5. David Dlugosz, Traffic District Engineer, Streets Department, City of Philadelphia, c/o Defendant's counsel

6. The City reserves the right to call any witness identified by the Plaintiffs and/or additional witnesses in rebuttal.

## V.  SCHEDULE OF EXHIBITS

The City reserves the right to use any exhibit identified by the Plaintiffs as well as introduce additional exhibits as needed in rebuttal.

| | | TRIAL EXHIBIT CHART | | | |
|---|---|---|---|---|---|
| Ex. No. | Bates No. | Description | Admiss. Stip | Auth. Stip.; Admiss. Disputed | Admitted |
| 1 | CITY0002331-2335 | List of State Routes in Philadelphia | | | |
| 2 | CITY0002336-2343 | List of FAM Routes in Philadelphia | | | |
| 3 | CITY0003589 | Philadelphia Roadway Network City & Non-City Responsibility as of 5/6/20 | | | |
| 4 | N/A | City of Philadelphia's Answers to Plaintiffs' First Set of Interrogatories | | | |
| 5 | CITY0001871-1872 | PennDOT Ramp Approval Process | | | |
| 6 | CITY0001759-CITY0001761 | PennDOT Strike-Off letter, 11/14/08; Ex. 27 to Sen Depo. | | | |
| 7 | CITY0000902 | Spreadsheet showing curb ramp budgets for Fiscal Years 2010-2020; Ex. 39 to Sen Depo. | | | |

| | | | | | |
|---|---|---|---|---|---|
| 8 | CITY0000941–CITY0000949 | Commissioners Directive to Establish Pilot Program Regarding Curb Ramp Prioritization and Rapid Response, Rev. August 30, 2013 (Marked "Confidential"); Ex. 4 to Carroll Depo. | | | |
| 9 | CITY0002373 | Excel Spreadsheet regarding paving backlog | | | |
| 10 | N/A | Plaintiffs' Answers to the City's First Set of Interrogatories & Requests for Production | | | |
| 11 | N/A | Plaintiffs' Second Supplemental Answers to the City's First Set of Interrogatories & Requests for Production | | | |
| 12 | P000016-18 | 12/18/09 Notes from Meeting with Rina Cutler Deputy Mayor of Transportation | | | |
| 13 | P000495-506 | Liberty Resources Advocacy Grant Application | | | |
| 14 | P000036–P000037 | Email chain with Nancy Salandra, German Parodi, Charles Carmalt and others re: Curb Ramp Request at Stenton Ave & Chestnut Hill Eas | | | |
| 15 | P000038–P000040 | Meeting Notes- Meeting with ADAPT, December 2, 2013 - City Snow Removal Practice | | | |
| 16 | CITY0000119–CITY0000128 | "Paving and Curb Ramps" presentation by the Streets Department, 3/11/13 | | | |
| 17 | CITY0000477–CITY0000478 | Email chain between German Parodi, Charles Carmalt and Michael Carroll re: ADAPT meeting with Deputy Mayor Rina Cutler; July 2013; Ex. 3 to Carroll Depo. | | | |
| 18 | P000041–P000045 | Agenda: Disabled in Action and Philly ADAPT, June 16, 2014 - Intro of Curb Ramp Partnership Program and Survey | | | |
| 19 | CITY0000370–CITY0000376 | ADA Curb Ramp Partnership- June 16, 2014 Meeting; Ex. 9 to Carroll Depo | | | |

| | | | | | |
|---|---|---|---|---|---|
| 20 | CITY0000915 | ADA Curb Ramp Survey for Rating Destinations Near Intersections on the Local Roadway Network, 2014 | | | |
| 21 | CITY0000917 | Results of 2014 ADA Curb Ramp Survey for rating destinations near intersections on the Local Roadway Network | | | |
| 22 | CITY0001100 | Survey ranking 20 destinations of importance | | | |
| 23 | CITY0000105–CITY0000107 | Mayor's Office of Transportation and Utilities: Meeting Notes- Meeting with ADAPT, 7/22/14; Ex. 11 to Carroll Depo. | | | |
| 24 | CITY0000377–CITY0000389 | Mayor's Office of Transportation and Utilities: Meeting Notes- Meeting with ADAPT, 7/22/14; Ex. 11 to Carroll Depo | | | |
| 25 | CITY0001101 | Intersections ranked in a list from 1 to 199 | | | |
| 26 | CITY0001584 | Ranking/scoring of 25,000+ ramps at various intersections; Ex. 26 to Carroll Depo | | | |
| 27 | CITY0001742 | ADA Evaluation Priority Map | | | |
| 28 | CITY0000104 | Excel spreadsheet assessing ADA Ramp requests (inspected 2013-2014) | | | |
| 29 | CITY0000108 | Excel spreadsheets assessing ADA Ramp requests (inspected 2019) | | | |
| 30 | CITY0000109 | Excel spreadsheet assessing ADA Ramp requests (inspected 2014-2015); Ex. 34 to Sen Depo. | | | |
| 31 | CITY0000110 | Excel spreadsheet assessing ADA Ramp requests (inspected 2017) | | | |
| 32 | CITY0000111 | Excel spreadsheet assessing ADA Ramp requests (inspected 2016) | | | |
| 33 | CITY0000894 | Excel spreadsheet assessing ADA Ramp requests (inspected 2018) | | | |

| | | | | | |
|---|---|---|---|---|---|
| 34 | CITY0006370 | Excel spreadsheet assessing ADA Ramp requests, (inspected January to December 2019) | | | |
| 35 | CITY0006371 | Excel spreadsheet assessing ADA Ramp requests, (inspected January to November 2020) | | | |
| 36 | CITY0000895 | Excel spreadsheet Grievance requests from 04/2019-12/2019 | | | |
| 37 | CITY0000896 | Constituent Accommodation requests ranging from 04/2019-12/2019 | | | |
| 38 | P000471-P00478 | Email thread beginning 3/26/2018 between Morgan Hugo, Steve Mottershead, and Nancy Sen regarding curb ramps at Broad and Chestnut, 13th and Market, and 10th and Clinton | | | |
| 39 | P000878-P000881 | Email from Nancy Sen to Morgan Hugo re: repairs to NW corner of 13th & Market | | | |
| 40 | CITY0002492-CITY0002499 | Email thread from Morgan Hugo to Nancy Sen; Charles Horton; and Daniel Lopez, 6/29/2018 Re: Please address these Curb Cuts Issues | | | |
| 41 | CITY0000410–CITY0000411 | Email from Nancy Sen to Morgan Hugo and Daniel Lopez re: curb cut issues with response letter CITY0000412 attached, 7/10/18; Ex. 31 to Sen Depo. | | | |
| 42 | CITY0000412 | Street Department response to curb cut complaints- attachment to CITY0000410-CITY0000411, 7/10/18; Ex. 31 to Sen Depo. | | | |
| 43 | CITY0000417-418 | Email from Daniel Lopez to Liam Dougherty 6/13/2018 Re: Agenda for the Meeting Tomorrow | | | |
| 44 | CITY0000419–CITY0000420 | Email from Nancy Sen to Morgan Hugo re: curb cut issues at Broad & Chestnut, 4/3/18 | | | |

| | | | | | |
|---|---|---|---|---|---|
| 45 | CITY0000434–CITY0000435 | Email from Morgan Hugo to Nancy Sen re: curb cut issues at 13th and Market, 3/26/18 | | | |
| 46 | CITY0000436–CITY0000441 | Email from Morgan Hugo to Steve Mottershead and Nancy Sen re: curb cut issues, 4/4/18 | | | |
| 47 | CITY0000442–CITY0000447 | Email from Steve Mottershead to Morgan Hugo and Nancy Sen re: curb cut issues at 10th and Clinton, 4/4/18 | | | |
| 48 | CITY0000448–CITY0000451 | Email from Steven Mottershead to Morgan Hugo and Nancy Sen re: curb cut issues at 10th and Clinton, 4/4/18 | | | |
| 49 | CITY0000452–CITY0000453 | Email from Charles Horton to Nancy Sen and Morgan Hugo re: curb cut issues, 3/27/18 | | | |
| 50 | CITY0000461–CITY0000462 | Email from Nancy Sen to Morgan Hugo re: curb cut issues at Broad and Chestnut and 13th and Market, 3/26/18 | | | |
| 51 | CITY0000463–CITY0000466 | Email from Morgan Hugo to Daniel Lopez and Nancy Sen re: website responsiveness in reporting curb cut issues, 7/11/18 | | | |
| 52 | CITY0002968-CITY0002969 | Email from Charles Horton to Nancy Sen, Daniel Lopez and Nefertiri Sickout re: Morgan Hugo's email regarding technical assistance sidewalk accessibility question, 8/1/18 | | | |
| 53 | P000082–P000089 | Email chain and images with Morgan Hugo, Nancy Sen, Steve Mottershead and others re: Curb Cut Issues, March-April 2018 | | | |
| 54 | P000093 | Meeting with Daniel Lopez, Phila. ADA coordinator, June 14, 2018: Follow-up to our meeting | | | |
| 55 | P000098–P000101 | Correspondence from City of Philadelphia (Nefertiri Sickout) to Mr. Liam Dougherty, 7/30/18 | | | |

| | | | | | |
|---|---|---|---|---|---|
| 56 | CITY0000413 | Email from David Lopez to Liam Dougherty 6/14/2018 Re: ADA information for meeting with Liberty Resources | | | |
| 57 | CITY0003238-CITY0003240* | Email thread Re: 15 St & JFK NEC - Safety Inspection Meeting | | | |
| 58 | CITY0001021–CITY0001028 | Ramp listing at various intersections throughout the City of Philadelphia; Ex. 37 to Sen Depo. | | | |
| 59 | CITY0001180 | Resurfacing Summary Report, 2017 - Ramps along Market including Bank St | | | |
| 60 | N/A | City of Philadelphia's Answers to Plaintiffs' First Set of Requests for Admission | | | |
| 61 | CITY0000924–CITY0000925 | ADA Technically Infeasible Form Instructions | | | |
| 62 | CITY0000926-931 | Streets Department Regulations Ch 2.3 | | | |
| 63 | CITY0000954-CITY0000955 | PennDOT ADA Technically Infeasible Form | | | |
| 64 | CITY000956–CITY000960 | District 6 Curb Ramp Design Form: CS-4401 | | | |
| 65 | CITY0001088-1091 | PennDOT Curb Ramp Post-Construction Compliance Form | | | |
| 66 | CITY0001838-1839 | Curb Design Approval Requirements | | | |
| 67 | CITY0001871-1872 | Ramp Approval Process | | | |
| 68 | CITY0006368 | Failure to Submit Ramp Design Notice | | | |
| 69 | CITY0005753-CITY0005760 | Memorandum re cancellation of four public works bids for Milling & Casting Adjustment Prep, 5/20/20; Ex. 23 to Carroll and Sen Depos. | | | |
| 70 | CITY0001788 | Excel format ADA Technically Infeasible Form | | | |
| 71 | CITY0001856-CITY0001861 | Philadelphia Department of Streets- Regulations Governing the Construction of ADA-Compliant Curb Ramps, 8/20/14 | | | |

| | | | | | |
|---|---|---|---|---|---|
| 72 | CITY0005927-CITY0005928 | Streets Department Plan for 2020 Street Resurfacing and ADA Curb Ramp Upgrade and Installation Project; Ex. 24 to Carroll, Sen and 30(b)(6) Depos. | | | |
| 73 | CITY0005929-CITY0005934 | ADA Ramp Inspection Tool for 2020 Paving Season- draft user guide, 3/4/20 | | | |
| 74 | CITY0005935-CITY0005936 | Ramp Inspection Checklist, 5/29/20 | | | |
| 75 | CITY0005937-CITY0005938 | Criteria for Banning Pedestrian Crossing at an Uncontrolled Intersection | | | |
| 76 | CITY0005940-CITY0005942 | Ramp & Crosswalk Update Tool- Intersection Summary Report, 5/26/20; Ex. 29 to Sen Depo. | | | |
| 77 | CITY0006096 | City of Philadelphia, Department of Streets- Adding Detectible Strip Area STD, 7/7/20; Ex. 44 to 30(b)(6) Depo. | | | |
| 78 | CITY0006126-CITY0006177 | "Overview of apps for contract development of ramps triggered by paving," 11/9/20 | | | |
| 79 | CITY0001749-0001753 | Initiation and Funding Approval Form re: Bid #3863, Contract #208963, 3/17/20 | | | |
| 80 | CITY0001754-CITY0001758 | Funding form and memo re: Bid # 3863, Contract #208963, 3/17/20 | | | |
| 81 | CITY0006699 | List of performance ramps in 4th highway district | | | |
| 82 | CITY0006704 | List of performance ramps in the 1st highway district | | | |
| 83 | CITY0006707 | List of performance ramps in the 2nd highway district | | | |
| 84 | CITY0006709 | List of performance ramps in the 5th & 6th highway districts | | | |
| 85 | CITY0006711 | List of performance ramps in the 2nd and 3rd highway districts | | | |
| 86 | CITY0006125 | Excel spreadsheet of completed performance ramps | | | |

| | | | | | |
|---|---|---|---|---|---|
| 87 | CITY0000112-114 | ADA Modification Policy | | | |
| 88 | CITY0000115-118 | ADA Grievance Policy | | | |
| 89 | CITY0001655 | Excel spreadsheet of CVN notices from 1994 to 2020 | | | |
| 90 | CITY0001642-CITY0001643* | 11/18/2019 Permit for Façade Restoration indicating requirement to provide temporary accessible pedestrian route. | | | |
| 91 | CITY0001645 | 11/18/2019 sidewalk closure permit plan | | | |
| 92 | CITY0001815-CITY0001835 | Right of Way Improvement Standard, June 2015; Ex. 14 to Carroll Depo. | | | |
| 93 | CITY0000897-CITY0000901* | Contract Special Provision - Temporary Pedestrian Access Route Plan Approvals | | | |
| 94 | N/A | The Expert Report of Bill Hecker, and appendices and exhibits | | | |
| 95 | CITY0001983* | Email chain from William Gural to various recipients including Nancy Sen re ADA Ramp Acceptance, 1/22/15; Ex. 22 to Carroll Depo. | | | |
| 96 | HECKER004207-HECKER006186 | Photographs included in expert report of Bill Hecker | | | |
| 97 | CITY0001987-CITY0002330 | ADA Reference Guide, PennDOT District 6-0, 6/20/17 | | | |
| 98 | CITY0005956 | Excel spreadsheet including resurfacing data from 1/1/93 to 6/16/20 | | | |
| 99 | CITY0006792 | Excel spreadsheet including resurfacing data for KMA and CTC street nodes | | | |
| 100 | CITY0006952* | Final ADA Self-Evaluation and Transition Plan | | | |

\* Denotes document produced in discovery but inadvertently omitted from the City's pretrial disclosure list.

## VI. TRIAL LENGTH

Plaintiffs have requested a five-day trial.  The City requests equal time to put on its defense.

## VII.   STIPULATIONS

The parties are conferring on potential pretrial factual stipulations and will advise the Court accordingly if agreement is reached.

Respectfully submitted,

Dated:  December 13, 2021           By: *s/ Kymberly K. Evanson*
Kymberly K. Evanson, *Admitted Pro Hac Vice*
Paul L. Lawrence, *Admitted Pro Hac Vice*
Pacifica Law Group LLP
1191 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 245-1700
Kymberly.Evanson@pacificalawgroup.com

Diana P. Cortes
City Solicitor

Benjamin Field
Chief Deputy City Solicitor
Sean McGrath
Assistant City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
(215) 683-5038
Diana.Cortes@phila.gov

*Attorneys for Defendant City of Philadelphia*

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2021, the foregoing Pretrial Memorandum has been filed electronically and is available for viewing and downloading from the ECF system; and has been served on counsel for Plaintiffs via the Court's ECF electronic notification.

Dated: <u>December 13, 2021</u>　　　　　　　　By: <u>*s/ Kymberly K. Evanson*</u>
　　　　　　　　　　　　　　　　　　　　　　　Kymberly K. Evanson, *Admitted Pro Hac Vice*
　　　　　　　　　　　　　　　　　　　　　　　Paul L. Lawrence, *Admitted Pro Hac Vice*
　　　　　　　　　　　　　　　　　　　　　　　Pacifica Law Group LLP
　　　　　　　　　　　　　　　　　　　　　　　1191 Second Avenue, Suite 2000
　　　　　　　　　　　　　　　　　　　　　　　Seattle, WA 98101
　　　　　　　　　　　　　　　　　　　　　　　(206) 245-1700
　　　　　　　　　　　　　　　　　　　　　　　Kymberly.Evanson@pacificalawgroup.com

　　　　　　　　　　　　　　　　　　　　　　　Diana P. Cortes
　　　　　　　　　　　　　　　　　　　　　　　Chair, Litigation Group
　　　　　　　　　　　　　　　　　　　　　　　Eleanor Ewing
　　　　　　　　　　　　　　　　　　　　　　　Chief Deputy City Solicitor
　　　　　　　　　　　　　　　　　　　　　　　Benjamin Field
　　　　　　　　　　　　　　　　　　　　　　　Divisional Deputy City Solicitor
　　　　　　　　　　　　　　　　　　　　　　　Sean McGrath
　　　　　　　　　　　　　　　　　　　　　　　Assistant City Solicitor
　　　　　　　　　　　　　　　　　　　　　　　City of Philadelphia Law Department
　　　　　　　　　　　　　　　　　　　　　　　1515 Arch Street, 15th Floor
　　　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　　　　　　　　(215) 683-5038
　　　　　　　　　　　　　　　　　　　　　　　Diana.Cortes@phila.gov

　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant City of Philadelphia*