UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTY RESOURCES, INC.; DISABLED IN ACTION OF PENNSYLVANIA, INC; PHILADELPHIA ADAPT; TONY BROOKS; LIAM DOUGHERTY; FRAN FULTON; and LOUIS OLIVO;<br><br>      Plaintiffs,<br>-against-<br><br>THE CITY OF PHILADELPHIA,<br><br>      Defendant. | Case No. 2:19-cv-03846<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S FIRST MOTION *IN LIMINE***<br><br>Judge: Honorable Harvey Bartle III |

# Contents

I. INTRODUCTION ........................................................................................................ 1
II. THE SCOPE OF PLAINTIFFS' CLAIMS TO BE TRIED ........................................ 2
III. PLAINTIFFS HAVE PROVIDED FULSOME DISCOVERY, INCLUDING PHOTOGRAHS, IDENTIFICATION OF SPECIFIC LOCATIONS ......................... 3
    A. Plaintiffs promptly made and have regularly supplemented their Initial Disclosures. 3
    B. Plaintiffs thoroughly responded to discovery and supplemented those responses as necessary. ................................................................................................................. 3
        1. Interrogatories .................................................................................................... 3
        2. Requests for the Production of Documents ....................................................... 5
        3. Depositions During Fact Discovery ................................................................... 5
    C. Plaintiffs' Pre-trial Disclosures and Memorandum Identified Appropriate Evidence. 5
IV. ARGUMENT ............................................................................................................... 6
    A. Plaintiffs complied with their disclosure and discovery obligations. ....................... 6
    B. Any alleged late disclosures are substantially justified and harmless. .................... 8
        1. Any alleged failure by Plaintiffs to identify, in response to Interrogatory No. 8, the specific ramps depicted in photographs produced in Plaintiffs' initial disclosures and discovery responses is justified and harmless. ...................... 10
        2. Any alleged failure to supplement Plaintiffs' disclosures and/or discovery responses regarding the photographs produced on November 3, 2021 was substantially justified and harmless. ............................................................... 11
    C. Rule 37(c)(1) does not mandate exclusion, and the Court should thus avoid such an extreme sanction in this case. .................................................................................. 13
V. THE PHOTOGRAPHS AT ISSUE ARE ADMISSIBLE .......................................... 13
VI. CONCLUSION .......................................................................................................... 14

**I.      INTRODUCTION**

Before the Court is Defendant's request for the exclusion of photographs of twenty-one intersections identified in Plaintiffs' Pretrial Memorandum Exhibit List and any testimony regarding those intersections at trial. This unwarranted request should be denied because Plaintiffs met their discovery obligations with respect to this evidence.

Seven of these intersections were either depicted in photographs produced in Plaintiffs' initial disclosures and discovery responses or identified in Plaintiffs' interrogatory responses. The remaining fourteen intersections were depicted in photographs produced on November 3, 2021 (three months prior to the beginning of Plaintiffs' trial presentation) and identified with specificity on December 13, 2021 (over a month before Plaintiffs' case begins). Defendant's assertion of prejudice in the development of its defense and implication of bad faith on the part of Plaintiffs are unfounded.

Additionally, to the extent Defendant needed additional clarity regarding any of the discovery responses or disclosures regarding intersections presenting barriers for Plaintiffs, it could have deposed Plaintiffs or identified class members. Yet despite extensive opportunities, Defendant failed to depose a single Plaintiff or class member—and now complains to the Court based on its own lack of diligence in discovery.

Furthermore, Defendant's refrain that Plaintiffs seek to expand the scope of the case through presentation of evidence regarding these intersections is based on a misguided reading of the Court's order on summary judgment as precluding any basis for systemic liability. If Defendant's interpretation of the Court's summary judgment order and the scope of the claims at issue for trial were correct, then any street resurfaced by the City since the close of discovery would be unreachable in this case.

Defendant's first motion *in limine* to exclude Plaintiffs' Exhibits P45, P46, P48, P49, P51, P63, P65–P75, and P77–P80 and any evidence regarding the intersections depicted therein should be denied.

1

## II.   THE SCOPE OF PLAINTIFFS' CLAIMS TO BE TRIED

Before reaching the Rule 37(c) analysis, Plaintiffs must address Defendant's repeated reference in its memorandum of law to "the scope of this case" and "add[ing] new intersections." *See e.g.* Def's Mem. of Law in support of 1st Mot. *in Limine* ("Def's MOL iso MIL"), Dkt. No. 109-2 at 1, 2, 7, 8. This framing demonstrates a misunderstanding of Plaintiffs' claims and the Court's order on summary judgment.

This is a class action lawsuit regarding the City's systemic failure to comply with federal access laws when it constructed and altered streets and failure to maintain accessible pedestrian facilities.[1] Given Plaintiffs' systemic claim for class-wide relief, on summary judgment, Plaintiffs sought a declaration of liability regarding Defendant's policies and practices for complying with the ADA's maintenance and alteration requirements, and did not seek relief at summary judgment as to specific curb ramps. Dkt. No. 96 at 1 ("[Plaintiffs] clarify that they only seek summary judgment at this juncture that 'the City's policies violated and continue to violate the law,' and 'not an order that specific curb ramps or a specific number of curb ramps violate the law.'").

As the Court held in its summary judgment decision, "liability against the City cannot be imputed based on its general policies without reference to specific violations of the ADA." Dkt. No. 96 at 9. The Court thus cautioned that "simply" showing that policies violate the ADA and imputing liability is insufficient. *Id.* at 10 (Plaintiffs "cannot **simply** show that [Defendant's] general policies do not conform to the regulation.") (emphasis added).

The Court did not hold that, when site-specific violations are proven, the City's policies are immune from challenge. Quite the opposite, under the summary judgment decision, the City's systemic policies and practices may be litigated so long as liability is not "imputed" but rather is corroborated by proof that the City actually implemented those unlawful polices at specific locations.

---

[1] Plaintiffs also alleged violation of the ADA's program access provisions. Because the Court dismissed that claim, it is not discussed here; however Plaintiffs reserve their rights to appeal that dismissal.

2

## III. PLAINTIFFS HAVE PROVIDED FULSOME DISCOVERY, INCLUDING PHOTOGRAHS, IDENTIFICATION OF SPECIFIC LOCATIONS

### A. Plaintiffs promptly made and have regularly supplemented their Initial Disclosures.

On March 9, 2020, Plaintiffs served their Initial Disclosures along with documents Bates stamped P000001–116. Decl. of Meredith J. Weaver in support of Plfs' Opp. to Def's 1st Mot. *in Limine* ("Weaver MIL Opp. Decl.") ¶ 3. Plaintiffs have regularly supplemented their disclosures when it became apparent that they would be relying on additional evidence. *See* Weaver MIL Opp. Decl. ¶¶ 4–6 (noting March 16, 2020; April 6, 2020; and September 9, 2020 supplemental disclosures).

Defendant now seeks to exclude two documents produced in Plaintiffs' second supplemental initial disclosure production set—P000208 (included in Plfs' Exh. P80: Photographs of S. 20th Street & Montrose Street) and P000209 (included in Plfs' Exh. P45: Photograph of 20th Street & Rodman Street). Weaver MIL Opp. Decl. ¶ 5 & Exh. A; Def's MOL iso MIL, Dkt. No. 109-2 at 3–4. Those two photographs were also attached to the declaration of Class member Kenneth Brown submitted in support of Plaintiffs' motion for class certification on April 7, 2020. Dkt. No. 34-4 at Exhs. B & C. Defendant did not seek to depose Mr. Brown during the year that passed between disclosure of these documents and the close of fact discovery on March 31, 2021. Weaver MIL Opp. Decl. ¶ 7. Given Defendant's decision to accept Mr. Brown's submission of the two photographs without taking his deposition, it is unreasonable for Defendant to now challenge Plaintiffs' listing of the same photographs for use at trial.

### B. Plaintiffs thoroughly responded to discovery and supplemented those responses as necessary.

1. Interrogatories

On August 10, 2020, Defendant served its First Set of Interrogatories numbering 1–10; Interrogatory No. 8, which Defendant raises in its Motion *in Limine*, reads: "Identify all

pedestrian facilities[2] in the City of Philadelphia that Plaintiffs currently have knowledge of and believe to be out of compliance with the Rehabilitation Act or the ADA." Declaration of Sean J. McGrath in support of City's MIL ("McGrath MIL Decl.") ¶ 2 & Exh. A, Dkt. Nos. 109-3 & 109-4.

  Plaintiffs responded to Defendant's First Set of Interrogatories on September 9, 2020. Dkt. No. 80-18.[3] In response to Interrogatory No. 8, Plaintiffs incorporated by reference "any and all barriers identified in declarations filed in support of Plaintiffs' Motion for Class Certification, ECF Nos. 34-2 through 34-11" and provided a 10-page list of intersections, neighborhoods, street segments, and areas within the City of Philadelphia where architectural barriers and/or obstruction to pedestrian facilities were or had been present. Plfs' Resp. to Def's 1st Set of Interrogs., Dkt. No. 80-18 at 11–21. Plaintiffs' response encompassed a number of the locations to which Defendant now objects. As noted above, 20th Street & Rodman Street (Plfs' Exh. P45) and S. 20th Street & Montrose Street (Plfs' Exh. P80) were identified by incorporation of Mr. Brown's Class Certification Declaration. Dkt. No. 80-18 at 11–12; Dkt. No. 34-4. Broad Street & Sansom Street (Plfs' Exh. P49) was encompassed by Plaintiffs' identification of "[a]rchitectural barriers such as missing or non-compliant curb ramps" at corners in "[i]ntersections near 13th Street and Sansom Street." Dkt. No. 80-18 at 15, 17.  17th Street & Ludlow Street (Plfs' Exh. P63) was encompassed by Plaintiffs' identification of "[a]rchitectural barriers such as missing or non-compliant curb ramps" at corners in the "[n]eighborhood surrounding Ludlow Street between 11th Street and 17th Street." Dkt. No. 80-18 at 15–16.

  Defendant did not reach out to Plaintiffs to request clarification or supplementation of their response to Interrogatory No. 8, nor did the City indicate to Plaintiffs that they considered Plaintiffs' response insufficient in any way. Weaver MIL Opp. Decl. ¶ 8. In contrast, the City did

---

[2] The City's First Set of Interrogatories defined pedestrian facilities as "curb ramps, sidewalks, and crosswalks within the City's geographic boundaries." Dkt. No. 109-4 at 3.

[3] Plaintiffs supplemented their response to Interrogatory No. 8 on November 5, 2020. Dkt. No. 80-19.

4

request that Plaintiffs supplement their response to City's Interrogatory No. 4. *Id*. Plaintiffs supplemented their response to Interrogatory No. 4 on December 18, 2020. *Id.*

                2.        Requests for the Production of Documents

On August 10, 2020, Defendant served its First Set of Requests for Production, including "**Request for Production No. 5:** All documents identifying pedestrian facilities in the City that Plaintiffs believe are not in compliance with the Rehabilitation Act or the ADA." Weaver MIL Opp. Decl. ¶ 9 & Exh. B at 8. In response to Defendant's Requests for Production, Plaintiffs produced documents Bates stamped P000212–1332 on September 9, 2020. Weaver MIL Opp. Decl. ¶ 10 & Exh. C. Defendant now seeks to exclude many documents produced in this set— P000217–218 (Plfs' Exh. P46: Photographs of W. Columbia Avenue & N. 51st Street), P000258–266 (Plfs' Exh. P48: Photographs of Market Street & 63rd Street), P000281 (Plfs' Exh. P49: Photograph of S. Broad Street & Sansom Street), and P000523 (Plfs' Exh. P51: Photograph of Market Street & S. 16th Street). Def's MOL iso MIL, Dkt. No. 109-2 at 3. Plaintiffs made supplemental productions on October 28, 2020 (Bates Nos. P001333–1646), December 14, 2020 (Bates Nos. P001647–1894), and November 3, 2021 (Bates Nos. P001895–1984). Weaver MIL Opp. Decl. ¶ 11.

                3.        Depositions During Fact Discovery

Despite ample opportunity, the City did not depose any named Plaintiffs, class members, or other witnesses during fact discovery. Weaver MIL Opp. Decl. ¶ 7.

        **C.**        **Plaintiffs' Pre-trial Disclosures and Memorandum Identified Appropriate Evidence.**

On November 1, 2021, Plaintiffs served their Pretrial Disclosures on Defendant, listing photographs Bates stamped P001895–1984 as evidence that Plaintiffs may use at trial. Weaver MIL Opp. Decl. ¶ 15 & Exh. E at 19. Due to a technical problem with applying the Bates numbers to these documents, Plaintiffs served P001895–1984 on the City on November 3, 2021. Dkt. No. 109-6 at 2. This set of documents consisted of photographs taken between October 12, 2021 and October 29, 2021. Decl. of Matthew Pillischer in support of Plfs' Opp. to Def's Mot. *in*

5

*Limine* ¶¶ 6–21; Decl. of Jonathan Fulton in support of Plfs' Opp. to Def's Mot. *in Limine* ¶¶ 4–5.

On December 13, 2021, Plaintiffs filed their Pretrial Memorandum listing P001897–1907, P0019010–32, P001935–69, and P001975–84 among the exhibits to be used in support of Plaintiffs case at trial and identifying by name the intersection locations depicted. Plfs' Pretrial Memorandum Exh. A at 5–6, Dkt No. 107 at 21–22.

## IV.   ARGUMENT

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) [regarding initial disclosures] or [Rule 26](e) [regarding supplementation of disclosures and discovery responses], the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Rule 26 requires identification of each exhibit a party intends to offer at least 30 days before trial. Fed. R. Civ. P. 26(a)(3)(B). Disclosures must be supplemented "in a timely manner if the party learns that in some material respect [a] disclosure or response is incomplete or incorrect." *Id.* 26(e)(1)(A).

Here, Plaintiffs met their discovery burdens with respect all of the evidence identified in Plaintiffs' pre-trial exhibit list. Furthermore, any alleged late disclosures were substantially justified and harmless. The Court should not exclude Plaintiffs' Exhibits P45, P46, P48, P49, P51, P63, P65–P75, or P77–P80; nor testimony regarding those or the twenty-one intersections that form the basis of Defendant's Motion *in Limine*.

### A.   **Plaintiffs complied with their disclosure and discovery obligations.**

Defendant's motion *in limine* takes issue with Plaintiffs' response to Interrogatory No. 8 requesting the identification of "all pedestrian facilities in the City of Philadelphia that Plaintiffs currently have knowledge of and believe to be out of compliance with the Rehabilitation Act or the ADA", and the motion seeks to have the court exclude evidence regarding twenty-one intersections that they claim involved late disclosures. Def's MOL iso MIL, Dkt. No. 109-2 at 2–3, 8; Dkt. No. 109-4 at 7. However, Plaintiffs met their disclosure and discovery obligations with

6

respect to this evidence and Rule 37(c)(1) does not warrant exclusion of information regarding these locations during trial.

Well before the close of discovery, Plaintiffs produced photographs of six of the intersections at issue in this motion *in limine*—S. 20th Street & Montrose Street (Plfs' Exh. 80), 20th Street & Rodman Street (Plfs' Exh. P45), W. Columbia Avenue & N. 51st Street (Plfs' Exh. P46), Market Street & 63rd Street (Plfs' Exh. P48), S. Broad Street & Sansom Street (Plfs' Exh. P49), and Market Street & S. 16th Street (Plfs' Exh. P51) on April 6, 2020 and September 9, 2020. *Supra* III.A & III.B.2. A seventh targeted intersection, 17th Street & Ludlow Street (Plfs' Exh. P63), was encompassed in Plaintiffs response to Interrogatory No. 8. *Supra* III.B.1. The City had ample notice that these specific locations would be at issue in this case, but did not seek to depose any named plaintiffs or class members regarding Plaintiffs' documents or interrogatory responses. To the extent the City wanted to probe Plaintiffs and class members regarding additional details on specific intersections they could have deposed any of them, but the City failed to do so throughout the entire discovery period, nor did the City indicate to Plaintiffs that they found Plaintiffs' response to Interrogatory No. 8 insufficiently detailed.

The remaining fourteen challenged exhibits consist of photographs that were produced promptly after their creation. These photographs were taken between October 12, 2021 and October 29, 2021, and were produced promptly thereafter on November 3, 2021. *Supra* III.C. *See Hess Fence & Supply Co. v. U.S. Fid. & Guar. Co.*, No. 4:04-CV-2648, 2006 WL 3325445, at *2 (M.D. Pa. Oct. 12, 2006) (finding production was in accordance with Rule 26(e)(1) where "each document in question was either in the hands of a third-party and not received until after the deadline, not in existence at the time of the deadline, or any possible relevance of the document had not arisen at the time of the deadline"). As was the case in *Hess Fence & Supply Co.*, "[w]hen the ability or reason to disclose each document arose, it was promptly done in accordance with Rule 26(e)(1)." *Id*.

Furthermore, the locations are located within the City of Philadelphia along routes that the City resurfaced under either Local Network or FAM resurfacing projects within the statute of

7

limitations. Weaver MIL Opp. Decl. ¶ 16 & Exh. F (showing resurfacing information related to these fourteen intersections with resurfacing conducted within the statute of limitations shown in yellow highlight). Thus, the City has had access to extensive amounts of information regarding conditions at those locations and ample time to prepare for its defense regarding them. Given the systemic, city-wide nature of Plaintiffs' claims in this class action, the continually changing status of City resurfacing, and the fact that Plaintiffs and Class members continue to use the City's pedestrian facilities across the City on a daily basis, it strains credulity that the City was not on notice that such pedestrian facilities adjacent to streets they resurfaced and within the scope of the claims of the class would be at issue at trial.

B. **Any alleged late disclosures are substantially justified and harmless.**

Rule 37(c)(1) "expressly provides that sanctions should not be imposed if substantial justification exists for the failure to disclose, or if the failure to disclose was harmless." *Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 156 (3d Cir. 1995). Thus, "the imposition of sanctions for abuse of discovery under [Rule 37] is a matter within the discretion of the trial court." *Id.* (internal quotation marks omitted).

As recently explained by the Eastern District:

> Whether the exercise of such discretion is appropriate is determined by considering the following five factors: '(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; [ ] (4) bad faith or willfulness in failing to comply with a court order or discovery obligation,' *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000) (citation omitted); and, (5) 'the importance of the evidence to the proffering party,' *Hill v. TD Bank, NA*, 586 Fed. App'x 874, 879 (3d Cir. 2014). The Third Circuit has cautioned that "exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (internal quotation marks and citations omitted).

*Aetna Inc. v. Mednax, Inc.*, No. 18-CV-2217, 2021 WL 949454, at *4 (E.D. Pa. Mar. 12, 2021). Given the severity of exclusion, when there is no evidence of bad faith, this sanction is only appropriate where a failure to disclose or supplement is not rationally explained and is surely prejudicial. *See id*. *See also Lamb v. Montgomery Twnshp.*, 734 Fed. App'x 106, 110 (3d Cir. 2018) ("We have cautioned that district courts should only exclude critical evidence such as expert testimony upon a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence.") (internal quotation marks and citation omitted). In *Aetna Inc. v. Mednax, Inc.*, the court excluded evidence regarding a damages theory that was not apparent from the complaint, was omitted from the plaintiff's initial disclosures and its 30(b)(6) testimony on the issue, and about which the plaintiff repeatedly maintained evidence was not relevant to the case during discovery in response to the defendant's requests on the issue. 2021 WL 949454, at *5–7. The court found that pursuing the theory of damages at the expert phase was thus a surprise to the defendant, who was prejudiced by the inability to obtain relevant discovery that could limit liability on this theory, which would have required third-party discovery. *Id.* at *5. Furthermore, the prejudice could not be cured without reopening fact discovery, and the importance of recovering all possible damages did not outweigh the other factors. *Id.* at *6.

In *Lamb v. Montgomery Twnshp.*, the Third Circuit held that the district court did not abuse its discretion in striking an undisclosed expert declaration submitted after the close of expert discovery. 734 Fed. App'x at 110. The failure to timely disclose harmed the defendant, who had no meaningful opportunity to depose the witness, and the plaintiff offered no convincing justification, stating that they had not received relevant discovery in time for the witness to provide a timely expert report while never requesting an extension. *Id.*

Here, Plaintiffs have taken no such egregious actions, have thoroughly responded and regularly supplemented their disclosures and discovery responses, and have made clear throughout the action that Plaintiffs' claims of systemic noncompliance encompass pedestrian facilities citywide and in particular those that were resurfaced under local network and FAM projects within the statute of limitations and those where the City has failed to maintain

9

accessible features. The factors for determining whether evidence should be excluded under Rule 37(c)(1) weigh heavily in favor of allowing Plaintiffs to offer the challenged evidence at trial.

> 1. <u>Any alleged failure by Plaintiffs to identify, in response to Interrogatory No. 8, the specific ramps depicted in photographs produced in Plaintiffs' initial disclosures and discovery responses is justified and harmless.</u>

The Court should not exclude Plfs' Exhs. P45, P46, P48, P49, P51, P63, or P80, or testimony regarding the intersections depicted therein based on Plaintiffs' responses to Interrogatory No. 8.

First, Defendant can claim no surprise regarding the use of these documents and the underlying locations as evidence in this case, as the types of barriers depicted in these photographs are squarely within the allegations and claims raised in Plaintiffs' Complaint and photographs and/or identification of these locations were disclosed well before the close of fact discovery. *Supra* III.A–B.

Furthermore, Defendant cannot claim to be prejudiced when it took no action to attempt to discover more information about these photographs or locations, despite having ample time to depose plaintiffs and class members. Indeed, Defendant did not seek to depose any plaintiffs or class members. *Supra* III.B.3. Nor did Defendant seek to meet and confer regarding the specificity of Plaintiffs' initial or supplementary responses to Interrogatory No. 8, which it now calls into question. *Supra* III.B.1.

Defendant argues that, had Plaintiffs stated the specific curb ramps depicted in each of these photographs with more specificity in their responses to Interrogatory No. 8, Defendant would have had the opportunity to develop some site-specific defense through its records or expert testimony (Dkt No. 109-2 at 6–7), but this is a red herring. First, Defendant has not produced any site-specific documents throughout discovery, including any post-construction inspection forms or Technical Infeasibility Forms that may have been produced at the time of design or construction, even with respect to those locations that were stated with greater specificity in Declarations in support of Plaintiffs' Motion for Class Certification, Plaintiffs'

Interrogatory Responses, or Plaintiffs' Expert Reports. Second, Defendant did not disclose any expert for its case in chief to assess or testify about locations that were listed with specificity in Declarations in support of Plaintiffs' Motion for Class Certification or Plaintiffs' Interrogatory Responses. Defendant's claim that, had Plaintiffs just provided more specific information about these locations, the City would have prepared such defensive evidence, reeks of insincerity.

Any possible prejudice to Defendant can be cured by Defendant itself, as all of these locations and the information necessary to prepare site-specific defenses are within the control of the City. The exhibits at issue consist solely of photographs. Plaintiffs have not sought to submit measurements or expert testimony regarding these pedestrian facilities. And the locations depicted in each photograph were identified to Defendant by December 13, 2021 at the latest, leaving Defendant over a month before the beginning of *Plaintiffs'* case in chief to prepare. The Court has not yet set a date for the commencement of Defendant's case, which also suggests that there would be no meaningful disruption to trial.

Plaintiffs' extensive disclosures, discovery responses, and supplements thereto—both independently when information was discovered and in response to Defendant's requests where justified—demonstrates that Plaintiffs have consistently acted in good faith.

Finally, presenting evidence relating to these locations is important to Plaintiffs' case, which will rely on showing site-specific evidence of inaccessible locations and the impact of specific types of inaccessible features on class members, and their relationship to the City's illegal policies.

> 2. <u>Any alleged failure to supplement Plaintiffs' disclosures and/or discovery responses regarding the photographs produced on November 3, 2021 was substantially justified and harmless.</u>

The Court should not exclude Plfs' Exhs. P65–75 or P77–80 based on Plaintiffs' not producing the photographs earlier than they did or not specifically identifying the photographed intersections in supplemental responses to Defendant's discovery requests because the late-production was substantially justified and harmless.

As with the photos discussed above, the types of barriers depicted in these photographs are squarely within the allegations and claims raised in Plaintiffs' Complaint and throughout this case. In addition, each of these intersections is located along a street that was resurfaced within the statute of limitations under a Local Network or FAM resurfacing project, and thus the City should have been well aware that the locations would be at issue in this class action case based on systemic failure to comply with alterations requirements of the ADA.

Defendant's argument about the site-specific evidentiary development and expert analysis that it would have undertaken had it known about the locations depicted in Plfs' Exhs. P65–75 or P77–80 earlier is equally artificial with respect to these locations as it was with respect to those that were pictured in photographs produced prior to the close of discovery.

Here too, any prejudice to Defendant can be cured, as all of these locations and the information necessary to prepare site-specific defenses are within the control of the City. The exhibits at issue consist solely of photographs. Again, the locations depicted in each photograph were identified to Defendant by December 13, 2021 at the latest, leaving Defendant over a month before the presentation of Plaintiffs' case begins, and even longer before it must present its own defense—on a date yet to be determined by the Court.

In addition, Plaintiffs have not unreasonably delayed in producing the documents at issue or identifying the locations in the photographs. The photographs were taken from October 12 through October 29, 2021 and were produced to the City on November 3, 2021.

Finally, presenting evidence relating to these locations is important to Plaintiffs' case, which will rely on showing site-specific evidence of inaccessible locations and the impact of specific types of inaccessible features on class members, particularly in a case involving forward looking injunctive relief to address existing barriers resulting from unlawful policies and practices.

The documents at issue here are akin to those that the court allowed in *Daniels v. Sch. Dist. of Phila.*, however in this case Defendant received the documents significantly further in advance of trial. No. 12-CV-2806, 2014 WL 317882, at *3 (Jan. 29, 2014) (J. Bartle). In *Daniels*

12

this court reviewed its earlier denial of a pretrial motion *in limine* to exclude documents produced one week before trial and again determined the failure to earlier produce to be substantially justified and harmless. *Id.* The court noted that the information in the documents was publicly accessible, not disputed, and independently corroborated by witness testimony. *Id.* As in *Daniels*, the Court should not exclude those documents that Plaintiffs served on November 3, 2021, or testimony regarding the locations depicted therein.

### C. Rule 37(c)(1) does not mandate exclusion, and the Court should thus avoid such an extreme sanction in this case.

Finally, if the court determines that Plaintiff has failed to disclose information or supplement an earlier response and that the failure was neither substantially justified nor harmless, Rule 37(c)(1) still does not mandate exclusion of the information. Instead, the court has discretion to impose any sanctions it finds appropriate, including by simply taking the circumstances into account when assessing the parties' factual presentations. *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007) ("any determination as to what sanctions are appropriate [is] entrusted to the discretion of the district court"); *cf.* Fed. R. Civ. P. 37(c)(1) ("In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: . . . (B) may inform the jury of the party's failure[.]"). Due to the extreme nature of exclusion as a sanction and the circumstances in this case—including the absence of bad faith or flagrant disregard for the court's order on the part of Plaintiffs and the Court's role as both the trier of fact and of law—exclusion of such evidence should be avoided in favor of a more appropriate course of action such as making a note of the circumstances surrounding the exhibits at issue assessing the evidence in light thereof.

## V. THE PHOTOGRAPHS AT ISSUE ARE ADMISSIBLE

Admissibility depends on the context in which a photograph is offered. Defendant's motion to exclude photographs identified in Plaintiffs' trial Exhibit List implicitly assumes admission of those documents to prove noncompliance with accessibility standards. However, these photographs may be illustrative or used to facilitate class member testimony regarding

13

impacts and experiences. "[I]tems offered for purposes of illustration and clarification, such as photographs, are admissible if they are sufficiently explanatory or illustrative of relevant testimony in the case to be of potential help to the trier of fact." *Lopez by Ilarrava v. CSX Transp., Inc.*, No. 3:15-CV-257, 2021 WL 2810117, at *10 (W.D. Pa. July 6, 2021) (citation omitted) (permitting photographs of the interior of locomotive cabs other than the ones at issue because they would assist in understanding testimony regarding the interior of the cabs generally). "[A]ny claimed inaccuracies or unreliability reflected in the photographs can be exposed through cross-examination." *Masters v. Norfolk S. Ry. Co.*, No. 11-CV-834, 2012 WL 393805, at *3 (W.D. Pa. Feb. 6, 2012). The blanket exclusion which the City seeks is improperly speculative.

## VI.     CONCLUSION

Defendant's motion to exclude any evidence regarding 21 intersections within its control, which were identified is Plaintiffs initial disclosures, discovery responses, and pre-trial documents should be denied because Plaintiffs have met their discovery obligations. However, in the event that the Court determines that Plaintiffs did not disclose some or all of these locations soon enough, such failure was substantially justified and harmless and therefor Rule 37(c)(1) does not mandate any sanction.

Respectfully submitted,
Dated:  January 12, 2022

Meredith J. Weaver*
mweaver@dralegal.org
CA Bar No. 299328
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Fourth Floor
Berkeley, CA 94704-1204
Tel: (510) 665-8644
Fax: (510) 665-8511

Rebecca J Sobie*
rsobie@dralegal.org
Rebecca Serbin*
rserbin@dralegal.org

DISABILITY RIGHTS ADVOCATES
655 Third Avenue, 14th Floor
New York, NY 10017-5621
Tel: (212) 644-8644
Fax: (212) 644-8636

David Ferleger
david@ferleger.com
DAVID FERLEGER LAW OFFICE
413 Johnson St.
Jenkintown, PA 19046
Tel: (215) 887-0123

*Attorneys for Plaintiffs*

*Admitted *Pro Hac Vice*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTY RESOURCES, INC, et al., <br><br> Plaintiffs, <br> v. <br><br> THE CITY OF PHILADELPHIA <br><br> Defendant | Case No. 2:19-cv-03846 <br><br> **CERTIFICATE OF SERVICE** |

I hereby certify that the foregoing **PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S FIRST MOTION *IN LIMINE*** is hereby filed electronically and available for viewing and downloading from the ECF system; and has been served on Defendant's counsel by ECF's electronic notification today, January 12, 2022.

By: _____
Meredith J. Weaver*
mweaver@dralegal.org
CA Bar No. 299328
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Fourth Floor
Berkeley, CA 94704-1204
Tel: (510) 665-8644

*Attorney for Plaintiffs*