# Exhibit B

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LIBERTY RESOURCES, INC., et al., : <br>                    Plaintiffs, : <br> : <br> V. : <br> : <br> CITY OF PHILADELPHIA, : <br>                    Defendant. : <br> : <br> : | Case Number <br> 19-cv-3846 |

**DEFENDANT CITY OF PHILADELPHIA'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS LIBERTY RESOURCES, INC, ET AL.**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rule 26.1, Defendant, the City of Philadelphia, by and through its undersigned counsel, requests that Plaintiffs, Liberty Resources, Inc. et al. produce for inspection and copying the documents requested herein in accordance with all applicable Rules and the Definitions and Instructions set forth below within thirty (30) days of service of these requests.

**DEFINITIONS**

1. "**Accessibility**" means compliance with applicable provisions of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*. and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*.

2. "**Action**" means the above-captioned action, filed in the Eastern District of Pennsylvania, entitled Liberty Resources, Inc. et al. v. City of Philadelphia, 19-cv-3846.

3. The terms "**all**," "**any**," or "**each**" encompass any and all of the matter discussed.

4. The terms "**and**" and "**or**" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the request all responses that might otherwise fall outside the scope of this request.

5. "**Communication**" means the transmission of information or data in any form including, without limitation, written, oral, or electronic transmissions.

6. "**Complaint**" means the Complaint in the above-captioned action filed in the Eastern District of Pennsylvania on August 26, 2019, Docket No. 19-cv-3846, ECF No. 1.

7. "**Document(s)**" or **"Information"** means all materials within the scope of Federal Rule of Civil Procedure 34, including, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, including electronically-stored information (ESI), that are stored in any medium whatsoever from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form, as well as any tangible things. A draft or non-identical copy of a document is a separate document within the meaning of this term. A document includes all appendices, schedules, exhibits, and other attachment.

8. **"Individual"** means any natural person or any legal entity, including, without limitation, any business or governmental entity, organization, or association.

9. **"Organizational Plaintiffs"** means Plaintiffs Liberty Resources, Inc., Disabled in Action of Pennsylvania, Inc., and Philadelphia ADAPT in the above-captioned action.

10. **"Pedestrian Facilities"** refers to curb ramps, sidewalks, and crosswalks within the City's geographic boundaries.

11. **"Plaintiffs"** refers to Organizational Plaintiffs as well as individual Plaintiffs Tony Brooks, Liam Dougherty, Louis Olivo, and Fran Fulton.

12. **"Relate" "related"** or **"relating"** means, in addition to their usual and customary meanings, concerning, referring to, reflecting, regarding, pertaining to, addressing, discussing, alluding to, describing, evidencing, constituting, or otherwise having any logical or factual connection with the subject matter addressed.

13. The use of singular form includes plural, and vice versa.

14. The use of present tense includes past tense, and vice versa.

## INSTRUCTIONS

1. All objections to the production of documents requested herein shall be made in writing and served on undersigned counsel on or before the date set for production.

2. All documents are to be produced as they are kept in the usual course of business including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein. If there no documents in response to a particular request, or if you withhold any responsive documents or categories of documents based on any objections, Plaintiffs shall state so in writing.

3. Electronically stored information (ESI) must be produced in .PDF format with corresponding load files containing the document's text and all available metadata.

4. These requests call for the production of all responsive documents in your possession, custody or control, or in the possession, custody or control of your employees, predecessors, successors, parents, subsidiaries, divisions, affiliates, partners, joint ventures,

brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of such documents.

5. In responding to these requests, include documents obtained on your behalf by your counsel, employees, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such document. If your response is that documents are not under your control, identify who has control and the location of the documents.

6. If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

    (a) identifying the document;

    (b) describing where the document is now;

    (c) identifying who has control of the document;

    (d) describing how the document became lost or destroyed or was transferred; and

    (e) identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

7. Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

8. If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product doctrine or other business confidentiality or trade secret protection, set out separately with respect to each withheld document:

    (a)    the ground of privilege or protection claimed;

    (b)    every basis for the privilege or protection claimed;

    (c)    the type of document;

    (d)    its general subject matter;

    (e)    the document's date; and

    (f)    other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by FRCP 26(b)(5), the court's local rules, and the judge's individual practice rules.

9. If Plaintiffs object to any document request on any ground other than privilege, Plaintiffs must specify:

    (a)    the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and

    (b)    whether any responsive materials are being withheld on the basis of an objection.

10. To the extent Plaintiffs assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced.

11. If there are no documents in response to any particular request, Plaintiffs shall state so in writing.

12. Unless otherwise stated herein, all documents requested cover the period between January 1, 2009 and the present.

13. These requests are continuing, and Plaintiffs' response to these requests must be promptly supplemented when appropriate or necessary in accordance with Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:** All documents that reference or are related to the City's Curb Ramp Partnership Program.

**Answer:**

**Request for Production No. 2:** All communications that reference or are related to the City's Curb Ramp Partnership Program.

**Answer:**

**Request for Production No. 3:** All contemporaneous and relevant writings or recordings (such as notes, diaries, calendars, journals, and photographs) made by Plaintiffs or their agents relating to meetings with the City regarding the accessibility of the City's pedestrian facilities.

**Answer:**

**Request for Production No. 4:** All communications made by Plaintiffs or their agents regarding the accessibility of the City's pedestrian facilities between 2009 and the present.

**Answer:**

**Request for Production No. 5:** All documents identifying pedestrian facilities in the City that Plaintiffs believe are not in compliance with the Rehabilitation Act or the ADA.

**Answer:**

**Request for Production No. 6:** All documents identifying locations of pedestrian facilities for which Plaintiffs have submitted a complaint to the City.

**Answer:**

**Request for Production No. 7:** Organizational Plaintiffs' electronic data and document retention policies for the relevant time period.

**Answer:**

**Request for Production No. 8:** All working group lists, organization charts, directories, or other documents sufficient to identify individuals and entities with knowledge of the facts which serve as the basis for the Complaint.

**Answer:**

**Request for Production No. 9:** All documents relating to any communication between Plaintiffs and any publication, public medium (including news agencies and wire services), or governmental agency, or any representative of them, concerning the allegations raised in the Complaint.

**Answer:**

**Request for Production No. 10:** All documents relating to any formal request for information, such as a Right to Know request, related to the accessibility of the City's pedestrian facilities.

**Answer:**

**Request for Production No. 11:** To the extent not produced in response to the foregoing requests, all documents Plaintiffs may use to support prosecution of this litigation.

**Answer:**

Dated: August 10, 2020.

Respectfully submitted,

*s/ Kymberly K. Evanson*
Kymberly K. Evanson
Paul J. Lawrence
Pacifica Law Group
1191 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 245-1700
Kymberly.Evanson@pacificalawgroup.com

*s/ Diana P. Cortes*
Diana P. Cortes
Chair, Litigation Group
Eleanor Ewing
Chief Deputy City Solicitor
Benjamin Field
Divisional Deputy City Solicitor
Sean McGrath
Assistant City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
(215) 683-5038
Diana.Cortes@phila.gov
*Attorneys for Defendant City of Philadelphia*

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2020, I caused a true and correct copy of Defendant City of Philadelphia's First Set of Interrogatories to be served via email on all counsel or parties of record.

*s/ Kymberly K. Evanson*
Kymberly K. Evanson