# Exhibit C

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTY RESOURCES, INC.; DISABLED IN ACTION OF PENNSYLVANIA, INC; PHILADELPHIA ADAPT; TONY BROOKS; LIAM DOUGHERTY; FRAN FULTON; and LOUIS OLIVO;<br><br>Plaintiffs,<br>-against-<br><br>THE CITY OF PHILADELPHIA,<br><br>Defendant. | Case No. 2:19-cv-03846-HB |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S FIRST REQUEST TO PLAINTIFFS FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 26.1, Plaintiffs Liberty Resources, Inc. ("Liberty Resources"); Disabled in Action of Pennsylvania, Inc. ("DIA-PA"); Philadelphia ADAPT ("Philly ADAPT"); Tony Brooks; Liam Dougherty; Fran Fulton; and Louis Olivo (collectively, "Plaintiffs") hereby object and respond to Defendant City of Philadelphia's ("the City") Request to Plaintiffs for the Production of Documents (collectively, the "Requests," and each individually a "Request"), served by Defendant as follows:

**PRELIMINARY STATEMENT**

Plaintiffs' investigation and development of all facts and circumstances relating to this action is ongoing. Pursuant to Federal Rule of Civil Procedure 26(e), Plaintiffs will supplement these responses as appropriate. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiffs' right to rely on other facts or documents at trial.

1

By making these responses and objections to Defendant's Requests for Production, Plaintiffs do not waive, and hereby expressly reserve, their right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege.

Further, Plaintiffs make the responses and objections herein without in any way implying that they consider these requests or responses thereto to be relevant or material to the subject matter of this action.

Plaintiffs will produce responsive documents only to the extent that such documents are in the possession, custody, or control of Plaintiffs, as set forth in the Federal Rules of Civil Procedure. Plaintiffs' possession, custody, or control does not include any constructive possession that may be conferred by Plaintiffs' right or ability to compel the production of documents from third parties.

Plaintiffs expressly reserve the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

**GENERAL OBJECTIONS**

Plaintiffs make the following General Objections, and expressly incorporate them into each specific response as set forth below. The failure to refer specifically to a General Objection should not be construed as a waiver of the General Objection. Plaintiffs object to the Requests to the extent that they seek disclosure of information and/or documents that are protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity and/or protection against disclosure. Such information and/or documents will not

knowingly be disclosed. Plaintiffs object to the Requests to the extent that they seek information without reference or limitation to any relevant time period.

Plaintiffs object to the Requests to the extent that they require Plaintiffs to search for and produce documents or information that are not within their possession, custody, or control.

Plaintiffs object to the Requests to the extent that they call for documents already in the possession, custody, or control of Defendant, or call for documents that are plainly available from public sources or as equally available to Defendant as Plaintiffs.

Plaintiffs do not make any incidental or implied admissions in their responses, except for explicit facts admitted herein. The fact that Plaintiffs have answered or objected to any Request or part thereof should not be taken as an admission that Plaintiffs accept or admit the existence of any facts set forth or assumed by the request, or that such answer or objection constitutes admissible evidence. The fact that Plaintiffs have answered all or part of any Request is not intended and shall not be construed to be a waiver by Plaintiffs.

## RESPONSES TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1**

All documents that reference or are related to the City's Curb Ramp Partnership Program.

**RESPONSE TO DOCUMENT REQUEST NO. 1**

Subject to and without waiving the foregoing objections, in addition to documents already provided, Plaintiffs will produce all non-privileged documents in their possession, custody, or control responsive to this request.

**DOCUMENT REQUEST NO. 2**

All communications that reference or are related to the City's Curb Ramp Partnership Program.

**RESPONSE TO DOCUMENT REQUEST NO. 2**

Subject to and without waiving the foregoing objections, in addition to documents already provided, Plaintiffs will produce all non-privileged documents in their possession, custody, or control responsive to this request.

**DOCUMENT REQUEST NO. 3**

All contemporaneous and relevant writings or recordings (such as notes, diaries, calendars, journals, and photographs) made by Plaintiffs or their agents relating to meetings with the City regarding the accessibility of the City's pedestrian facilities.

**RESPONSE TO DOCUMENT REQUEST NO. 3**

Subject to and without waiving the foregoing objections, in addition to documents already provided, Plaintiffs will produce all non-privileged documents in their possession, custody, or control responsive to this request.

**DOCUMENT REQUEST NO. 4**

All communications made by Plaintiffs or their agents regarding the accessibility of the City's pedestrian facilities between 2009 and the present.

**RESPONSE TO DOCUMENT REQUEST NO. 4**

Plaintiffs object to this Request to the extent that it calls for documents already in the possession, custody, or control of Defendant. Plaintiffs further object to the extent that this Request calls for privileged communications. Subject to and without waiving the foregoing specific and general objections, in addition to documents already provided, Plaintiffs will produce all non-privileged documents in their possession, custody, or control responsive to this request.

Plaintiff Fran Fulton recalls inputting notes to a program in her work computer as an employee at Liberty Resources around 2014, regarding calls to City representatives including the offices of Charles Horton and Darrell Clarke related to inaccessible paving and curb ramps at the vicinity of Market and 8th Streets. Ms. Fulton retired from Liberty Resources in 2015 and no longer has access to those notes. Nancy Salandra of Liberty Resources conducted a search for Ms. Fulton's notes in Liberty Resources' computer system, but was unable to locate them.

**DOCUMENT REQUEST NO. 5**

All documents identifying pedestrian facilities in the City that Plaintiffs believe are not in compliance with the Rehabilitation Act or the ADA.

**RESPONSE TO DOCUMENT REQUEST NO. 5**

Subject to and without waiving the foregoing objections, in addition to documents already provided, Plaintiffs will produce all non-privileged documents in their possession, custody, or control responsive to this request.

**DOCUMENT REQUEST NO. 6**

All documents identifying locations of pedestrian facilities for which Plaintiffs have submitted a complaint to the City.

**RESPONSE TO DOCUMENT REQUEST NO. 6**

Plaintiffs object to this Request to the extent that it calls for documents that are already in the possession, custody, or control of Defendant; plainly available from public sources; or equally available to Defendant as to Plaintiffs. Plaintiffs further object to this Request on the grounds that it is vague with respect to the term "complaint". Subject to and without waiving the foregoing specific and general objections, in addition to documents already provided, Plaintiffs will produce all non-privileged documents in their possession, custody, or control responsive to this request as they understand it.

Plaintiff Fran Fulton recalls inputting notes to a program in her work computer at Liberty Resources around 2014, regarding calls to City representatives including the offices of Charles Horton and Darrell Clarke related to inaccessible paving and curb ramps at the vicinity of Market and 8th Streets. Ms. Fulton retired from Liberty Resources in 2015 and no longer has access to those notes. Nancy Salandra of Liberty Resources conducted a search for Ms. Fulton's notes in Liberty Resources' computer system, but was unable to locate them.

**DOCUMENT REQUEST NO. 7**

Organizational Plaintiffs' electronic data and document retention policies for the relevant time period.

**RESPONSE TO DOCUMENT REQUEST NO. 7**

Subject to and without waiving the foregoing objections, Plaintiffs will produce all non-privileged documents in their possession, custody, or control responsive to this request.

**DOCUMENT REQUEST NO. 8**

All working group lists, organization charts, directories, or other documents sufficient to identify individuals and entities with knowledge of the facts which serve as the basis for the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 8**

Plaintiffs object to Request No. 8 on the grounds that it is vague with respect to "working group lists," "organization charts," "directories," "knowledge," "facts," and "basis," which are not defined in the Requests. Due to this vagueness, Plaintiffs do not fully understand Request No. 8, but will respond to the best of their understanding. Subject to and without waiving the foregoing objections, in addition to documents already provided, Plaintiffs will produce all non-privileged documents in their possession, custody, or control responsive to this request.

**DOCUMENT REQUEST NO. 9**

All documents relating to any communication between Plaintiffs and any publication, public medium (including news agencies and wire services), or governmental agency, or any representative of them, concerning the allegations raised in the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 9**

Plaintiffs object to Request No. 9 on the grounds that it is vague and ambiguous with respect to "any representative of them". Plaintiffs further object to Request No. 9 to the extent that it calls for documents that are plainly available from public sources; or equally available to Defendant as to Plaintiffs. Subject to and without waiving the foregoing specific and general objections, in addition to documents already provided, Plaintiffs will produce all non-privileged documents in their possession, custody, or control responsive to this request.

Plaintiffs are aware of the following publications:

- Jason Laughlin, "Unshoveled sidewalks still a slippery threat two days after storm", The Philadelphia Inquirer (Mar. 16, 2017), *available at* https://www.inquirer.com/philly/business/transportation/Unshoveled-sidewalks-still-a-slippery-threat-two-days-after-storm.html.

- Jason Laughlin, "Philly's sidewalks are so bad they violate federal law protecting people with disabilities, lawsuit contends", The Philadelphia Inquirer (Aug. 26, 2019) *available at* https://www.inquirer.com/news/disabled-access-ada-sidewalk-streets-philadelphia-curbs-20190826.html.

- Bailey King, "Philly's sidewalks discriminate against people with disabilities, lawsuit claims", Philly Voice (Aug. 26, 2019) *available at* https://www.phillyvoice.com/philadelphia-dangerous-streets-sidewalks-disabilities-lawsuit/.

- Morgan Rousseau, "Lawsuit claims Philly sidewalks discriminate against people with disabilities", Metro Philadelphia (Aug. 26, 2019) *available at* https://www.metro.us/news/local-news/philadelphia/lawsuit-claims-philly-sidewalks-discriminate-against-people-disabilities.

- Bill Lucia, "City Sued Over Sidewalk Accessibility for People with Disabilities", Route Fifty (Aug. 26, 2019) *available at* https://www.route-fifty.com/infrastructure/2019/08/philadelphia-disabilitiies-accessibility-sidewalk-lawsuit/159457/.

- Darryl C. Murphy, "Philly's dangerous sidewalks violate federal law protecting people with disabilities, lawsuit alleges", WHYY (Aug. 28, 2019) *available at* https://whyy.org/articles/phillys-dangerous-sidewalks-violate-federal-law-protecting-people-with-disabilities-lawsuit-alleges/.

- Anna Merriman, "Philly sidewalks are dangerous for people with disabilities, lawsuit says", Curbed Philadelphia (Aug. 28, 2019) *available at* https://philly.curbed.com/2019/8/28/20837334/philly-sidewalks-dangerous-for-people-with-disabilities-lawsuit.

- Nigel Thompson, "Philly's sidewalks face a court battle", Al Dia News (Aug. 29, 2019) *available at* https://aldianews.com/articles/local/philadelphia/phillys-sidewalks-face-court-battle/56322.

- Darryl C. Murphy, "Facebook hit an open wound with Philly sidewalk ads, industry expert says", The Philadelphia Tribune (Sept. 20, 2019) *available at* https://www.phillytrib.com/news/local_news/facebook-hit-an-open-wound-with-philly-sidewalk-ads-industry/article_6f28b9e1-2e0a-5f1e-a3e7-bc494b4f3131.html.

- Brian Hickey, "Spot Hero: Parking giant E-Z Park stole public land for personal gain – for years – busted by tipster", Philadelphia Weekly (Oct. 7, 2019) *available at* https://philadelphiaweekly.com/spot-hero-parking-giant-e-z-park-stole-public-land-for-personal-gain-for-years-busted-by-tipster/.

- Max Marin, "Rampant sidewalk parking at the Free Library makes ADA entrance hard to access", Billy Penn (Oct. 23, 2019) *available at* https://billypenn.com/2019/10/23/rampant-sidewalk-parking-at-the-free-library-makes-ada-entrance-hard-to-access/.

- Liam Dougherty, "Cuts to disability aid would hurt thousands of Philadelphians like me", The Philadelphia Inquirer (Jan. 31, 2020) *available at* https://www.inquirer.com/opinion/commentary/social-security-disability-aid-ssi-ssdi-trump-administration-20200131.html.

- Nora Macaluso, "As Older Adults Prepare to Walk Around, Will Infrastructure Let Them?", Next Avenue (Apr. 28, 2020) *available at* https://www.nextavenue.org/older-adults-infrastructure/.

- Ellie Rushing, "People with disabilities say outdoor dining is making it hard to get around in Philly: 'There is no room for us'", The Philadelphia Inquirer (July 14, 2020) *available at* https://www.inquirer.com/health/coronavirus/philadelphia-outdoor-dining-sidewalks-accessibility-20200714.html.

- Madeline Faber, "Outdoor dining fences out people who are disabled", The Philadelphia Inquirer (Jul. 14, 2020) *available at* https://www.inquirer.com/newsletters/morning/proud-boys-20200714.html.

**DOCUMENT REQUEST NO. 10**

All documents relating to any formal request for information, such as a Right to Know request, related to the accessibility of the City's pedestrian facilities.

**RESPONSE TO DOCUMENT REQUEST NO. 10**

Plaintiffs object to this Request to the extent that it calls for documents that are already in the possession, custody, or control of Defendant; plainly available from public sources; or equally available to Defendant as to Plaintiffs. Plaintiffs further object to this Request on the grounds that it is vague with respect to the term "formal request." Subject to and without waiving the foregoing specific and general objections, in addition to documents already provided, Plaintiffs will produce all non-privileged documents in their possession, custody, or control responsive to this request as they understand it.

**DOCUMENT REQUEST NO. 11**

To the extent not produced in response to the foregoing requests, all documents Plaintiffs may use to support prosecution of this litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 11**

Subject to and without waiving the foregoing objections, in addition to documents already provided, Plaintiffs will produce all non-privileged documents in their possession, custody, or control responsive to this request.

Dated: September 9, 2020         By: /s/ Meredith J. Weaver
                                  Meredith J. Weaver*
                                  CA Bar No. 299328
                                  mweaver@dralegal.org
                                  DISABILITY RIGHTS ADVOCATES
                                  2001 Center Street, Fourth Floor
                                  Berkeley, CA 94704-1204
                                  Tel: (510) 665-8644
                                  Fax: (510) 665-8511

Andrea Kozak-Oxnard*
akozakoxnard@dralegal.org
Rebecca J Sobie*
rsobie@dralegal.org
DISABILITY RIGHTS ADVOCATES
655 Third Avenue, 14th Floor
New York, NY 10017-5621
Tel: (212) 644-8644
Fax: (212) 644-8636

David Ferleger
david@ferleger.com
DAVID FERLEGER LAW OFFICE
413 Johnson St.
Jenkintown, PA 19046
Tel: (215) 887-0123

*Attorneys for Plaintiffs*

*Admitted *Pro Hac Vice*