UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTY RESOURCES, INC.; DISABLED IN ACTION OF PENNSYLVANIA, INC.; PHILADELPHIA ADAPT; TONY BROOKS; LIAM DOUGHERTY; FRAN FULTON; and LOUIS OLIVO;<br><br>Plaintiffs,<br>-against-<br>THE CITY OF PHILADELPHIA,<br><br>Defendant. | Case No. 2:19-cv-03846-HB<br><br>ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT; CERTIFYING SETTLEMENT CLASS; DIRECTING ISSUANCE OF SETTLEMENT NOTICE; AND SCHEDULING HEARING ON FINAL APPROVAL<br><br>Judge: Honorable Harvey Bartle III |

Liberty Resources, Inc.; Disabled In Action of Pennsylvania, Inc.; Philadelphia ADAPT; Tony Brooks; Liam Dougherty; Fran Fulton; and Louis Olivo (collectively "Named Plaintiffs") and Defendant the City of Philadelphia have jointly applied to the Court for an order preliminarily approving the settlement of this action in accord with the settlement agreement (the "Agreement"), which sets forth the terms and conditions of a proposed settlement and dismissal of the action with prejudice, with the Court retaining jurisdiction to enforce the Agreement throughout its term (the "Settlement Period").

The Parties request that the Court (a) certify the Settlement Class and appoint Named Plaintiffs and Class Counsel[1] as representatives; (b) grant preliminary approval of the Agreement; (c) approve the proposed Notice of Settlement; (d) approve the plan for providing

---

[1] The certified class is represented by Disability Rights Advocates and David Ferleger Law Office.

notice to the Settlement Class; and (e) schedule a Fairness Hearing no earlier than 110 days after the date that preliminary approval is granted.

Having read the papers submitted and carefully considered the arguments and relevant legal authority, and good cause appearing, the Court GRANTS the Parties' Joint Motion.

**I.   FINDINGS**

**A.   The Settlement Class meets the requirements of Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure**

On July 7, 2020, this Court granted Plaintiffs' unopposed Motion for Class Certification, certifying a class for declaratory and injunctive relief. The "Settlement Class" definition set forth in the Agreement is identical to the definition of the certified class, and therefore the Court's analysis set forth in its Memorandum (ECF No. 51) concluding that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(2) are satisfied remains unchanged.

The Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure are met by the Settlement Class: (a) joinder of all Settlement Class members in a single proceeding would be impracticable, if not impossible, because of their numbers; (b) there are questions of law and fact common to the Settlement Class; (c) Named Plaintiffs' claims are typical of the claims of the Settlement Class that they seek to represent for purposes of settlement; (d) Named Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) Named Plaintiffs and the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving the sort of practices alleged in the Complaint; and (f) the City is alleged to have acted or refused to act on grounds that apply to the Settlement Class, so that final declaratory and injunctive relief is appropriate to the Settlement Class.

### B. The proposed settlement agreement is fair, reasonable, and adequate

The proposed settlement agreement satisfies the relevant factors outlined in Federal Rule of Civil Procedure 23(e)(2)[2] and this Circuit's traditional *Girsh* factors[3] for approval of a class settlement. *See Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975). For the reasons outlined below, because it is likely the Court will approve the Agreement under Rule 23(e)(2), preliminary approval is warranted. Fed. R. Civ. P. 23(e)(1)(B).

Named Plaintiffs and Class Counsel Disability Rights Advocates and David Ferleger Law Office have adequately represented the Settlement Class. The Named Plaintiffs are longtime residents of Philadelphia who are deeply committed to improving access for themselves and others with disabilities in the City, and Class Counsel have significant experience in class action and disability-rights litigation and knowledge of those areas of law.

Class Counsel performed extensive work investigating the claims in this action; and, together with the Named Plaintiffs, have continued to work diligently to litigate the case, including through extensive discovery, dispositive motion practice, and trial preparation.

---

[2] Federal Rule of Civil Procedure 23(e)(2) requires the Court to consider the following factors to determine whether a proposed class settlement is fair, reasonable, and adequate:
    (A) the class representatives and class counsel have adequately represented the class;
    (B) the proposal was negotiated at arm's length;
    (C) the relief provided for the class is adequate, taking into account:
        (i) the costs, risks, and delay of trial and appeal;
        (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
        (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
        (iv) any agreement required to be identified under Rule 23(e)(3); and
    (D) the proposal treats class members equitably relative to each other.

[3] The non-exhaustive *Girsh* factors traditionally used by courts in the Third Circuit to assess whether to approve a class action settlement include: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Halley v. Honeywell Int'l, Inc.*, 861 F.3d 481, 488 (3d Cir. 2017) (citing *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975)).

The Named Plaintiffs and Class Counsel were able to fully evaluate the strengths and weaknesses of the claims and defenses before reaching the proposed settlement, and they intend to monitor the Agreement over the fifteen-year Settlement Period. The Rule 23(e)(2)(A) analysis thus supports preliminary approval.

The Agreement was negotiated at arm's length over the course of more than three years. The Parties engaged in multiple rounds of settlement negotiations with the assistance of Magistrate Judge Hey and negotiated this resolution while simultaneously conducting discovery and preparing for trial. The final round of negotiations occurred after proceedings were stayed two weeks prior to trial, meaning the Parties were able to negotiate the Agreement with the benefit of a fully developed record. The City strongly contested any wrongdoing or liability, and the resulting compromises on heavily contested issues were based on careful deliberation by the Parties. The arm's length nature of the negotiations is further evidenced by the fact that the Parties did not negotiate attorneys' fees and costs until after reaching an agreement on injunctive relief.  Accordingly, the Rule 23(e)(2)(B) analysis supports preliminary approval and the third *Girsh* factor is satisfied.

The relief provided for the Settlement Class is robust, taking into account the costs, risks, and delay of trial and appeal and the terms of the proposed award of attorneys' fees. The relief in the Agreement is substantial and will be quickly implemented. Principally, the City has agreed to remediate or install 10,000 curb ramps over the course of the fifteen-year Settlement Period, with tri-annual 2,000-ramp milestones. This will ensure that Settlement Class members begin experiencing the benefits of this commitment very soon.

The Agreement also includes commitments by the City to install accessible curb ramps, to remediate existing but non-compliant curb ramps, and to maintain curb ramps as required

under the ADA, which will ensure that curb ramp improvements continue to provide access to the pedestrian rights of way for years to come. The City will also implement a new request system to allow Philadelphia residents to submit requests for installation, remediation, or maintenance of specific curb ramps each year. Further, the City will publicly report information regarding the location, initiation, and completion of curb ramp work undertaken each year, making settlement implementation transparent and available for public oversight. These aspects of the Agreement increase Settlement Class Member involvement and provide an avenue for case-specific relief. The relief obtained in the Agreement is wide-ranging and substantial. Furthermore, this Agreement was achieved with the benefit of a fully developed record, with trial only weeks away.

      The Parties acknowledge the time and risks associated with and inherent in any litigation and contend that the Agreement will provide substantial benefits to the Settlement Class while providing finality and avoiding those delays and risks; the Court agrees. The Court also agrees that the negotiated amount of $1,100,000 for Class Counsel's attorneys' fees and costs in this case, which has entailed more than three years of active litigation and negotiations, is likely to be reasonable: it was negotiated at arms-length after injunctive relief was agreed-upon, the negotiated amount was reached with the assistance of Judge Hey, it represents a significant reduction from Class Counsel's lodestar, and there is no settlement fund from which it detracts. Accordingly, the Rule 23(e)(2)(C) analysis supports preliminary approval and the first, fourth, and fifth *Girsh* factors are also satisfied.

      The Agreement treats class members equitably relative to each other. The Agreement provides only for injunctive relief, attorneys' fees and costs, and future monitoring fees and costs. It treats Named Plaintiffs and unnamed Settlement Class Members differently only with

respect to the Settlement Class's more limited release of claims. The Rule 23(e)(2)(D) analysis thus also supports preliminary approval.

        1.        The Agreement also meets the majority of the Third Circuit's *Girsh* factors

The Agreement also meets the majority of the Third Circuit's traditional *Girsh* factors to the extent that those factors are relevant. The first, third, fourth, and fifth factors are satisfied based on the Court's findings above. The second factor is also likely to be satisfied based on the declarations submitted by Named Plaintiffs in support of the Parties' Motion for Preliminary Approval. The sixth *Girsh* factor, which takes into account the risk of maintaining a class through trial, is neutral and the remaining factors are not applicable to this case. Thus, when considered together, the Court finds that the relevant *Girsh* and Rule 23(e)(2) factors support preliminary approval of the Agreement.

## II.    ORDER

NOW THEREFORE, IT IS HEREBY ORDERED:

    1.    Unless otherwise stated, the terms in this Order have the meaning set forth in the Agreement.

    2.    The Court hereby certifies the proposed Settlement Class pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) as follows:

> All persons with disabilities or impairments that affect their mobility—including, for example, people who use wheelchairs or other mobility devices, as well as those who are blind or have low vision— and who use or will use pedestrian rights of way in the City of Philadelphia

    3.    The Court hereby appoints Named Plaintiffs Liberty Resources, Inc., Disabled in Action of Pennsylvania, Inc., Philadelphia ADAPT, Tony Brooks, Liam Dougherty, Fran Fulton, and Louis Olivo as Settlement Class representatives.

4. The Court hereby appoints Disability Rights Advocates and David Ferleger Law Office, Plaintiffs' attorneys of record, as Class Counsel.

5. The Court hereby grants preliminary approval of the terms and conditions contained in the Agreement.

6. The Agreement is fair and warrants the dissemination of notice to the Settlement Class members apprising them of the settlement.

7. The Court hereby approves, as to form and content, the proposed Notice of Settlement, attached as Exhibit E to the Agreement. The Court finds that the distribution of the Notice of Settlement in the manner and form set forth in the Agreement meets the requirements of due process and Federal Rules of Civil Procedure 23(c)(2) and 23(e) and is the best notice practicable under the circumstances. The Notice of Settlement apprises Settlement Class members in a fair and neutral way of the existence of the Agreement and their rights with respect to the Agreement.

8. The Notice of Settlement shall be disseminated to the Settlement Class, substantially in the form attached as Exhibit E to the Agreement by the following means:

   a. Within twenty (20) days of this Order, the City will cause a copy of the Notice of Settlement in English and Spanish and a copy of the Agreement to be posted and remain posted on the City's official website (www.phila.gov) through the deadline for any member of the Settlement Class to submit an objection.

   b. Within twenty (20) days of this Order, Class Counsel will post on their websites a copy of the Notice of Settlement in English and Spanish (as provided by the City) and a copy of the Agreement. Additionally, Class Counsel will distribute the Notice of Settlement to local disability rights organizations.

  c. Within thirty (30) days after the District Court has issued the Preliminary Approval Order, the City will cause the Notice of the Settlement to be published in a main local media outlet in English and Spanish.

9. Counsel for both parties shall submit declarations to the Court as part of the Parties' Joint Motion for Final Approval of the Class Action Settlement confirming compliance with these notice provisions of the Agreement.

10. Any Settlement Class member may object to any aspect of the proposed settlement agreement either on their own or through an attorney hired at their expense. Objections by Settlement Class members must be mailed to the Court in writing no later than <u>January 9, 2023,</u> with copies mailed on the same date to Class Counsel and Counsel for the City at the addresses listed in the Notice of Settlement. Such objections should include:

a) the name, address, and, if available, telephone number and e-mail address of the Settlement Class member objecting and, if represented by counsel, of their counsel;

b) a statement of the Settlement Class member's objection(s); and

c) a statement of their membership in the Settlement Class.

11. Settlement Class members who have submitted a timely objection may also appear to present their objections at the Fairness Hearing. Any Settlement Class member who fails to properly and timely submit objections shall be foreclosed from objecting to the proposed Settlement Agreement, unless otherwise ordered by the Court.

12. Class Counsel and counsel for Defendant will respond to any timely filed objections and file them with the Court in conjunction with their Joint Motion for Final Approval of the Class Action Settlement.

13. A hearing is appropriate to consider whether this Court should grant final approval to the Settlement Agreement, and to allow adequate time for members of the Settlement Class, or their counsel, to support or oppose this settlement. The Court will schedule a fairness hearing not sooner than 110 days after this Order to permit notification of the proposed settlement to relevant authorities pursuant to 28 U.S.C. § 1715 of the Class Action Fairness Act.

14. A Fairness Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure shall be held before the undersigned on February 7, 2023 at 2:00 p.m. in the United States District Court for the Eastern District of Pennsylvania, James A. Byrne Courthouse, 601 Market Street, Philadelphia, PA 19106, Courtroom 16-A, to determine whether the Agreement is fair, reasonable, and adequate, and whether it should be finally approved by the Court. The hearing may be continued from time to time without further notice. The Fairness Hearing may be held remotely.

15. The Parties will file their Joint Motion for Final Approval of Settlement no later than January 23, 2023.

16. If for any reason the Court does not grant the Motion for Final Approval of Settlement, the proposed Settlement Agreement and all evidence and proceedings in connection therewith shall be null and void *nunc pro tunc*.

17. The Court further orders that pending further order from the Court, all proceedings in this Action, except those contemplated herein and in the Settlement Agreement, shall be stayed. Additionally, the Court enjoins all Settlement Class members from asserting or maintaining any claims to be released by the Agreement until the date of the Fairness Hearing.

**IT IS SO ORDERED.**

DATED: October 19, 2022

/s/ Harvey Bartle III
Honorable Harvey Bartle III
Senior United States District Judge