UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTY RESOURCES, INC.; DISABLED IN ACTION OF PENNSYLVANIA, INC.; PHILADELPHIA ADAPT; TONY BROOKS; LIAM DOUGHERTY; FRAN FULTON; and LOUIS OLIVO;<br><br>Plaintiffs,<br>-against-<br>THE CITY OF PHILADELPHIA,<br><br>Defendant. | Case No. 2:19-cv-03846-HB<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR CONDITIONAL FINAL APPROVAL**<br><br>Judge: Honorable Harvey Bartle III |

      Liberty Resources, Inc.; Disabled In Action of Pennsylvania, Inc.; Philadelphia ADAPT; Tony Brooks; Liam Dougherty; Fran Fulton; and Louis Olivo (collectively "Named Plaintiffs") and Defendant the City of Philadelphia have jointly applied to the Court for an order granting final approval of the settlement of this action (conditioned on the expiration of the 90-day notice period to relevant Federal and State officials pursuant to 28 U.S.C. § 1715(d)) in accord with the settlement agreement (ECF No. 142-4, the "Agreement"). The Agreement sets forth the terms and conditions of a proposed settlement and dismissal of the action with prejudice, with the Court retaining jurisdiction to enforce the Agreement throughout its term (the "Settlement Period").

      On October 19, 2022, the Court (a) certified the Settlement Class and appointed Named Plaintiffs and Class Counsel (Disability Rights Advocates and David Ferleger Law Office) as representatives; (b) granted preliminary approval of the Agreement; (c) approved the proposed

Notice of Settlement; (d) approved the plan for providing notice to the Settlement Class; and (e) scheduled a Fairness Hearing. (ECF No. 143, the "Preliminary Approval Order".) The Fairness Hearing was held on February 7, 2023 at 2:00pm.

Having read the papers submitted and carefully considered the arguments and relevant legal authority, and good cause appearing, the Court GRANTS the Parties' Joint Motion for Conditional Final Approval overruling any objections to the Agreement.

I.  **FINDINGS**

   A.  **Notice Was Effectuated to the Settlement Class**

The Parties disseminated the Notice of Settlement to Settlement Class members consistent with this Court's Preliminary Approval Order and relevant law. Further, the Short-Form Notice approved by this Court for publication in English and Spanish local media outlets was reasonably designed to provide effective notice in those formats. (*See* ECF Nos. 145-1, 146.) The City provided notice to the Attorney General of Pennsylvania and the U.S. Department of Justice on October 18, 2022, and to all other U.S. States and Territories on January 19, 2023 consistent with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

Under CAFA, final approval of a proposed settlement may not be issued earlier than 90 days after the later of the dates on which the appropriate Federal and State officials are served with notice of the proposed settlement. 28 U.S.C. § 1715(d). The Parties shall confirm to the Court no sooner than 90 days after January 19, 2023, or April 19, 2023, whether they have received or are aware of any objection made by any appropriate Federal or State official to the Agreement. If no such objection has been made, final approval of the Agreement shall go into immediate effect upon filing of such confirmation by the Parties. If any such objection has been made, the Parties shall address the objections and make any further appropriate motion to the Court no later than May 3, 2023. Based on the foregoing, the Court finds that notice is

reasonably calculated to apprise the Settlement Class members of the Agreement and their opportunity to be heard, meeting the requirements of both due process and the Federal Rules of Civil Procedure.

### B.  The Proposed Settlement Agreement is Fair, Reasonable, and Adequate

The proposed settlement agreement satisfies the relevant factors outlined in Federal Rule of Civil Procedure 23(e)(2)[1] and this Circuit's traditional *Girsh* factors[2] for approval of a class settlement. *See Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975). For the reasons outlined below, final approval is warranted. Fed. R. Civ. P. 23(e)(2).

#### 1.  The Agreement Satisfies Fed. R. Civ. P. 23(e)(2)

Named Plaintiffs and Class Counsel have adequately represented the Settlement Class. The Named Plaintiffs are longtime residents of Philadelphia who are deeply committed to improving access for themselves and others with disabilities in Philadelphia, and Class Counsel have significant experience in class action and disability-rights litigation and knowledge of those areas of law.

---

[1] Federal Rule of Civil Procedure 23(e)(2) requires the Court to consider the following factors to determine whether a proposed class settlement is fair, reasonable, and adequate:
    (A) the class representatives and class counsel have adequately represented the class;
    (B) the proposal was negotiated at arm's length;
    (C) the relief provided for the class is adequate, taking into account:
        (i) the costs, risks, and delay of trial and appeal;
        (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
        (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
        (iv) any agreement required to be identified under Rule 23(e)(3); and
    (D) the proposal treats class members equitably relative to each other.

[2] The non-exhaustive *Girsh* factors traditionally used by courts in the Third Circuit to assess whether to approve a class action settlement include: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Halley v. Honeywell Int'l, Inc.*, 861 F.3d 481, 488 (3d Cir. 2017) (citing *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975)).

Class Counsel performed extensive work investigating the claims in this action; and, together with the Named Plaintiffs, have continued to work diligently to litigate the case, including through extensive discovery, dispositive motion practice, and trial preparation.

The Named Plaintiffs and Class Counsel were able to fully evaluate the strengths and weaknesses of the claims and defenses before reaching the proposed settlement, and they intend to monitor the Agreement over the fifteen-year Settlement Period. The Rule 23(e)(2)(A) analysis thus supports final approval.

The Agreement was negotiated at arm's length over the course of more than three years. The Parties engaged in multiple rounds of settlement negotiations with the assistance of Magistrate Judge Hey and negotiated this resolution while simultaneously conducting discovery and preparing for trial. The final round of negotiations occurred after proceedings were stayed two weeks prior to trial, meaning the Parties were able to negotiate the Agreement with the benefit of a fully developed record. The City strongly contested any wrongdoing or liability, and the resulting compromises on heavily contested issues were based on careful deliberation by the Parties. The arm's length nature of the negotiations is further evidenced by the fact that the Parties did not negotiate attorneys' fees and costs until after reaching an agreement on injunctive relief. Accordingly, the Rule 23(e)(2)(B) analysis supports final approval and the third *Girsh* factor is satisfied.

The relief provided for the Settlement Class is robust, taking into account the costs, risks, and delay of trial and appeal and the terms of the proposed award of attorneys' fees. The relief in the Agreement is substantial and will be quickly implemented. Principally, the City has agreed to remediate or install 10,000 curb ramps over the course of the fifteen-year Settlement Period, with

tri-annual 2,000-ramp milestones. This will ensure that Settlement Class members begin experiencing the benefits of this commitment very soon.

The Agreement also includes commitments by the City to install accessible curb ramps, to remediate existing but non-compliant curb ramps, and to maintain curb ramps as required under the ADA, which will ensure that curb ramp improvements continue to provide access to the pedestrian rights of way for years to come. The City will also implement a new request system to allow Philadelphia residents to submit requests for installation, remediation, or maintenance of specific curb ramps each year. Further, the City will publicly report information regarding the location, initiation, and completion of curb ramp work undertaken each year, making settlement implementation transparent and available for public oversight. These aspects of the Agreement increase Settlement Class member involvement and provide an avenue for case-specific relief. The relief obtained in the Agreement is wide-ranging and substantial. Furthermore, this Agreement was achieved with the benefit of a fully developed record, with trial only weeks away.

The Parties acknowledge the time and risks associated with and inherent in any litigation and contend that the Agreement will provide substantial benefits to the Settlement Class while providing finality and avoiding those delays and risks; the Court agrees. The Court also agrees that the negotiated amount of $1,100,000 for Class Counsel's attorneys' fees and costs in this case, which has entailed more than three years of active litigation and negotiations, is reasonable: it was negotiated at arms-length after injunctive relief was agreed-upon, the negotiated amount was reached with the assistance of Judge Hey, it represents a significant reduction from Class Counsel's lodestar, and there is no settlement fund from which it detracts. Accordingly, the Rule

23(e)(2)(C) analysis supports final approval and the first, fourth, and fifth *Girsh* factors are also satisfied.

The Agreement treats class members equitably relative to each other. The Agreement provides only for injunctive relief, attorneys' fees and costs, and future monitoring fees and costs. It treats Named Plaintiffs and unnamed Settlement Class members differently only with respect to the Settlement Class's more limited release of claims. The Rule 23(e)(2)(D) analysis thus also supports final approval.

        2.        <u>The Agreement Also Meets the Majority of the Third Circuit's *Girsh* Factors</u>

The Agreement also meets the majority of the Third Circuit's traditional *Girsh* factors to the extent that those factors are relevant. The first, third, fourth, and fifth factors are satisfied based on the Court's findings above. The second factor is also satisfied based on the declarations submitted by Named Plaintiffs in support of the Parties' Joint Motions for Preliminary Approval and Final Approval, and the lack of any meritorious objections from Settlement Class members. The sixth *Girsh* factor, which takes into account the risk of maintaining a class through trial, is neutral and the remaining factors are not applicable to this case. Thus, when considered together, the Court finds that the relevant *Girsh* and Rule 23(e)(2) factors support final approval of the Agreement.

        3.        <u>The Objections Are Overruled</u>

The five discernable arguments raised by one group of objectors to the Agreement do not prevent the Court from granting final approval.

Plaintiffs have standing to bring the claims alleged in this action as they have alleged a variety of injuries-in-fact "that [are] concrete, particularized, and imminent rather than

conjectural or hypothetical." *Trump v. New York*, 141 S. Ct. 530, 535 (2020) (quoting *Carney v. Adams*, 141 S. Ct. 493, 499 (2020)).

A class action was the most appropriate and efficient procedure to achieve the systemic results set out in the Agreement. Certification of the Settlement Class prevents the City from being subject to conflicting rulings and provides the aforementioned sweeping benefits to the unnamed Settlement Class members without the need to come forward and litigate individual actions. As the Court previously found in certifying the Settlement Class, commonality is satisfied—the claims give rise to numerous questions of law and fact, the answers to which are applicable to the Settlement Class as a whole.

The City sent notices in compliance with CAFA to the U.S. Department of Justice and the Pennsylvania Attorney General within ten days of filing the proposed settlement with this Court. 28 U.S.C. § 1715(b). The additional notices provided to the remaining 49 States and U.S. Territories on January 19, 2023 is not a basis to deny final approval because the substance of CAFA's requirements are satisfied so long as the federal and state officials are provided sufficient notice and opportunity to be heard concerning the settlement. *In re Processed Egg Prod. Antitrust Litig.*, 284 F.R.D. 249, 258 n.12 (E.D. Pa. 2012). Because Final Approval will issue no sooner than 90 days after the supplemental notices were provided, and absent a qualifying objection, all requirements under 28 U.S.C. § 1715 will be satisfied.

Neither the agreed-upon $1,100,000 in attorneys' fees and costs, nor the 15-year Settlement Term render the Agreement unreasonable, unfair, or inadequate. The 15-year term provides the City with an appropriate amount of time to implement the relief and is comparable to other similar class action settlements regarding municipal pedestrian rights of way. The attorneys' fees award is based on a significant reduction from the time Class Counsel spent

investigating, litigating, and negotiating this complex matter and the Court has found it is reasonable.

The Court thus overrules the five objections to the Agreement.

## II. ORDER

NOW THEREFORE, IT IS HEREBY ORDERED:

1. Unless otherwise stated, the terms in this Order have the meaning set forth in the Agreement.

2. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the Plaintiffs, the Settlement Class members, and the Defendant.

3. Defendant has served requisite notice of the Agreement under the Class Action Fairness Act, 28 U.S.C. § 1715.

4. Distribution of notice of the Agreement by the Parties, which was done in a manner and form consistent with the Court's Preliminary Approval Order (ECF No. 143) and supplemental order approving the Short-Form Notice (ECF No. 146), meets the requirements of both due process and Federal Rules of Civil Procedure 23(c)(2) and 23(e). The notice distributed to known and potential Settlement Class members was the best practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

5. The objections to the Agreement contained in the motion filed on the record at ECF Nos. 148–150 are overruled.

6. Upon review of the Parties' written submissions and argument at the Fairness Hearing, consideration of the objections, and careful consideration of the *Girsh* factors, the Court finds that the Agreement is fair, reasonable, and adequate in accordance with Federal Rule of Civil Procedure 23(e)(2). *Halley v. Honeywell Int'l, Inc.*, 861 F.3d 481, 488–89 (3d Cir. 2017);

(citing *Girsh v. Jepson*, 521 F.2d at 157). Accordingly, the Court hereby grants conditional final approval of the Agreement.

The Parties shall advise the Court as to whether any objection to the Agreement have been received by an appropriate Federal or State official pursuant to 28 U.S.C. § 1715 no sooner than April 19, 2023.

7. If an objection is received from any appropriate Federal or State official prior to April 19, 2023, the Parties shall address the objection and make any further appropriate motion to the Court no later than May 3, 2023.

8. Upon confirmation of the Parties that no objection is received by any appropriate Federal or State official prior to April 19, 2023, final approval of the terms of the Agreement will immediately hereby be entered as an enforceable order, based upon the consent and acquiescence of the Parties, with the Effective Date as of the date such confirmation is filed with this Court.

9. The Agreement shall remain in effect during the fifteen-year Settlement Period (and any extension thereof) and the Court shall retain jurisdiction over the Agreement for the purposes of enforcement of its terms and conditions over any disputes that may arise thereunder.

**IT IS SO ORDERED.**

DATED: _____    _____
                                                                                         Honorable Harvey Bartle III
                                                                                         Senior United States District Judge