IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LIBERTY RESOURCES, INC., et al.  :   CIVIL ACTION
                                 :
            v.                   :
                                 :
CITY OF PHILADELPHIA             :   NO. 19-3846

MEMORANDUM

Bartle, J.                                        March 21, 2023

        This is a class action under Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure seeking injunctive relief to prevent disability discrimination in pedestrian rights of way throughout Philadelphia. It was filed on August 26, 2019. Plaintiffs, a group of individuals with disabilities and disability advocacy organizations, allege in this lawsuit on behalf of a class that the City of Philadelphia has not met its obligations under the Americans with Disabilities Act, 42 U.S.C. §§ 12131, et. seq.,[1] to install new curb ramps when it resurfaces adjoining streets and to maintain existing curb ramps in operable condition. See 28 C.F.R. §§ 35.133, 35.151.

        Before the court is the motion of Mark Fultz, Thomas Hamill, Gregory Lasky, Dean Ragone, and Louis Veney to intervene in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure. Movants also seek dismissal of the action. Their

---

1. Plaintiffs also allege the City has violated Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 794 et seq.

motion was not filed until January 9, 2023, nearly four years after this lawsuit was instituted.

Significant proceedings have taken place in this action. The court has granted the motion of the City to dismiss plaintiffs' complaint to the extent plaintiffs claimed the City was liable on a theory of denying "program access" under 28 C.F.R. §§ 35.149, 35.150(a). The court also dismissed plaintiffs' claims for injunctive relief to compel the City to create a Self-Evaluation Plan and a Transition Plan under 28 C.F.R. §§ 35.105, 35.150(d). See Liberty Res., Inc. v. City of Philadelphia, Civ. A. No. 19-3846, 2020 WL 3642484 (E.D. Pa. July 6, 2020). The court in 2020 certified the following class under Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure:

> all persons with disabilities or impairments that affect their mobility--including, for example, people who use wheelchairs or other mobility devices, as well as those who are blind or have low vision--and who use or will use pedestrian rights of way in the City of Philadelphia.

Liberty Res., Inc. v. City of Philadelphia, Civ. A. No. 19-3846, 2020 WL 3816109 (E.D. Pa. July 7, 2020).

Plaintiffs and the City exchanged extensive discovery regarding the locations of thousands of allegedly defective or missing curb ramps, the time and locations of street resurfacing work, and the City's policies on curb ramp installation. They

-2-

engaged expert witnesses.  The parties then filed cross-motions for partial summary judgment.  The court granted the City's motion in part and denied the plaintiffs' motion.  See Liberty Res., Inc. v. City of Philadelphia, Civ. A. No. 19-3846, 2021 WL 4989700 (E.D. Pa. Oct. 27, 2021).

This action was scheduled for trial.  The parties filed pretrial memoranda as well as motions in limine.  The action was then stayed on the joint motion of the parties to permit them the opportunity to engage in settlement negotiations.  Those negotiations took place over much of 2022 and proved fruitful.  On October 14, 2022, the parties filed their joint motion for preliminary approval of their settlement agreement.  The court granted that motion.  The joint motion of the parties for final approval of their settlement agreement was filed on January 23, 2023.  The court held a hearing on the

fairness of the proposed settlement agreement on February 7, 2023. The joint motion remains pending.[2]

Movants are five individuals with disabilities who reside in Florida and New Jersey. They are members of the certified class in this action because, as mentioned above, the class includes "all persons . . . who use or will use pedestrian rights of way in the City of Philadelphia." The class is not limited to residents of Philadelphia. In the present motion, they seek to intervene in this matter pursuant to Rule 24 of the Federal Rules of Civil Procedure. They also contend that the action should be dismissed, that the certified class in this matter does not meet the requirements under Rule 23, and that the settlement agreement is not fundamentally fair.

Rule 24 permits "anyone" to intervene in an action in two ways. First, "of right" intervention is available when one

---

2. The court has deferred resolving the joint motion for final approval of settlement agreement to comply with the notice requirements of the Class Action Fairness Act and allow additional time for objections to be filed. See 28 U.S.C. § 1715. "An order giving final approval of a proposed settlement may not be issued earlier than 90 days after" the defendant has served notice of the settlement on the "appropriate State official of each State in which a class member resides and the appropriate Federal official." § 1715(b), (d). Pursuant to this statute, the City served notice on the Pennsylvania Attorney General and the United States Department of Justice on October 18, 2022. The City did not serve notice on officials in the remaining 49 states until January 19, 2023. Thus, the earliest the court could approve the settlement agreement in this action is April 19, 2023.

"claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). A motion to intervene of right must be "timely." Id.

Second, the court has discretion to permit permissive intervention in an action if one "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Permissive intervention is not permitted when it "will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Critically, a motion for either form of intervention must "state the grounds for intervention." Fed. R. Civ. P. 24(c). It is apparent that the motion is procedurally deficient because it does not state whether the movants seek to intervene of right or on a permissive basis. This shortcoming alone requires denial as Rule 24(c) explicitly states that a motion to intervene must include this information. Gaskin v. Pennsylvania, 231 F.R.D. 195, 196 n.1 (E.D. Pa. 2005) (citing SEC v. Investors Sec. Leasing Corp., 610 F.2d 175, 178 (3d Cir. 1979)).

The motion is also tardy regardless of the type of intervention movants seek. Movants are absent class members, so

the "gravamen" of the court's analysis "must be on the timeliness of the motion to intervene." In re Cmty. Bank of N. Va., 418 F.3d 277, 314 (3d Cir. 2005). Since this suit was filed in August 2019, the parties have exchanged substantial discovery, engaged expert witnesses, and conducted significant motion practice. They spent months engaging in trial preparation and, subsequently, negotiating a settlement agreement. Intervention is far too late where, as here, significant "proceedings of substance on the merits have occurred." Choike v. Slippery Rock Univ. of Pa. of State Sys. of Higher Educ., 297 F. App'x 138, 141 (3d Cir. 2008) (quoting Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 369 (3d Cir. 1995)).

Moreover, movants do not justify their tardiness in seeking to intervene. They argue that their motion is timely because they first learned of this action when they saw the notice of settlement. Notice of class certification need not be served on members of a class established under Rule 23(b)(2). See also 3 William B. Rubenstein, Newberg and Rubenstein on Class Actions § 9:31 (6th ed. 2022). If the parties had taken this action to trial as they were prepared to do, there would not have been any settlement notice, and movants surely would not have been permitted to intervene. In addition, this argument ignores the significant press coverage that this action

-6-

has garnered.  Either way, it is apparent that permitting movants to intervene at this late hour would prejudice the parties by disrupting their significant effort to bring this case to a resolution.

Even if movants' attempt to intervene were timely, they have not demonstrated that they are substantively entitled to intervene of right.  An absent class member who seeks to intervene of right must demonstrate an interest in the subject of the litigation that the named plaintiffs are not adequately representing.  In re Cmty. Bank of N. Va., 418 F.3d at 314. Assuming movants have a concrete interest in pedestrian accessibility in Philadelphia, movants have not demonstrated how their interests diverge from those of plaintiffs for the purposes of their intervention motion.  Rather, they "merely express dissatisfaction with specific aspects of the proposed settlement," which is insufficient to permit of right intervention.  Id. at 315.

As noted above, movants also seek to dismiss this action.  There is no need to address movants' arguments for dismissal because the court will deny their motion to intervene. See, E.g., In re Johnson & Johnson Derivative Litig., 900 F. Supp. 2d 467, 478 (D.N.J. 2012).  Accordingly, their motion will be denied.  As movants are members of the certified class in

this action, their objections to the settlement can and will be considered as challenges to its fundamental fairness.